lute right, free of all terms and conditions; and, while it is a proper case to let him in as a party to assert his interest, he should only be let in upon such terms as will leave the plaintiff, as nearly as may be, in such condition as he would have been in had the appellant been diligent, instead of derelict, in the respects indicated.

The order should be affirmed, with $10 costs and disbursements. All concur.

(20 App. Div. 489.)

### WALSH v. BOARD OF SUP'RS OF ALBANY COUNTY.

(Supreme Court, Appellate Division, Third Department. September 8, 1897.)

1. CHARGES AGAINST COUNTY—MONEYS NECESSARILY EXPENDED—PROOF.

Under the County Law (Laws 1892, c. 686) § 230, subd. 9, providing that "the moneys necessarily expended by any county officer in executing the duties of his office, in cases in which no specific compensation for such services is provided by law," shall be a county charge, the officer must not only show that the work performed was worth the sum charged, but must also prove that the money was "necessarily expended."

2. SAME—COUNTY CLERK—MONEYS PAID ASSISTANTS.

Code Civ. Proc. § 3280, provides that the county clerk shall perform the duties required of him without fee or reward, except as provided by law. The County Law (Laws 1892, c. 686) § 230, subd. 9, provides that "the moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law," shall be a county charge. *Held,* that the county law did not include services required of the clerk under the law then existing, but only such as the clerk could not do, or was not expected to personally perform; and hence he could not recover moneys paid to assistants in his own work.

Appeal from special term, Albany county.

Application of James D. Walsh for a writ of mandamus against the board of supervisors of Albany county. From an order denying a peremptory writ, relator appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James W. Eaton, for appellant.

Eugene Burlingame (Marcus T. Hun and Learned Hand, of counsel), for respondent.

PUTNAM, J. This is an appeal from an order of the special term of this court, entered in Albany county on the 23d day of March, 1897, denying relator's motion for a peremptory mandamus. At a meeting of the board of supervisors of Albany county in 1896, the relator presented a claim, containing, among other items, one of $52.50 for services in assorting and arranging jury slips, etc., by the county clerk of said county. The affidavit of the relator, presented on the motion, set forth that he actually and necessarily paid said sum of $52.50 to his assistants in performing said services. The motion was denied in the court below, on the ground that the claim set forth in the application was not a county charge, as a matter of law, and not of fact.

It is conceded that the services of the appellant or his assistants in assorting and arranging jury slips in the jury box, and taking therefrom the names of the jurors, for which he sought compensation from

the county of Albany, were performed in pursuance of a duty imposed upon him by statute, and that no fee or compensation was prescribed by law for such services. Hence, under the provisions of section 3280, Code Civ. Proc., which provided that:

"Each clerk of a court must perform all duties required of him, in the course and practice of the court, without fee or reward, except as expressly prescribed by law. Each public officer, upon whom a duty is expressly imposed by law, must execute the same without fee or reward, except where a fee or other compensation therefor is expressly allowed by law."

—The determination of the board of supervisors of Albany county, disallowing the claim, must be deemed correct, unless some subsequent or other statute leads to a different conclusion.

It is urged by the learned counsel for the appellant that, under the provisions of a subsequent statute, the said claim of relator was a legal county charge. Section 230, c. 686, Laws 1892, known as the "County Law," enumerates county charges, and subdivision 9 of that section states, as among county charges, "the moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law."

The question for our consideration is whether the determination of the board of supervisors disallowing the relator's claim was or was not erroneous. Under the statute last quoted, giving it the construction claimed by the appellant, he could not call upon the supervisors to audit his demand as a county charge, unless he made it appear to the board that it was for money necessarily expended in the discharge of the duties of his office. It was not enough for him to prove that he had paid out the amount claimed to assistants to perform services it was his duty to perform. Before he could call upon the supervisors to allow the amount of such disbursement, he was compelled to show that the money so paid was necessarily expended. On examining the papers submitted to the supervisors, we are unable to find that the relator submitted any such proof. He did show that he had expended $52.50 for assistants in performing the work in question, that the work performed by said assistants was worth the sum charged, but he failed to prove that the money was necessarily expended. Under any construction of the statute in question, he should have submitted proof to the board that the work performed by his assistants was work that he could not personally do, and hence that the sum he paid was a necessary disbursement. In the absence of such proof before the board of supervisors, we cannot say that its determination was erroneous. The board, on the papers presented, having properly disallowed the claim in question, under well-settled principles, a peremptory mandamus cannot issue to compel it again to consider the bill. It is stated in the moving papers "that there was no consideration by the committee or the board of supervisors of said charge of $52.50, or reference to its being excessive, or for services not rendered." But it is not shown that the board did not consider the question as to whether or not the disbursement for which the relator claimed to be allowed was necessarily made, or the fact that there was an absence of proof that it was so made. In making

its decision the board must be presumed to have passed on that ques-, tion, to have decided that, in the absence of evidence showing that the disbursement in question was necessarily incurred, it was not a legal charge.

But we are inclined to take a different view from that of the learned counsel for the relator as to the construction which should be given subdivision 9, § 230, c. 686, Laws 1892.     When the law was passed, section 3280, Code Civ. Proc. was in force, which provided that the county clerk should perform the duties required of him without fee or reward, except as provided by law.     If the construction of appellant is correct, the wise provisions contained in section 3280 of the Code are in fact repealed by the provision of subdivision 9, § 230, of the county law.     It is true that the said last-mentioned statute is capable of being construed to mean that a county clerk can hire assistants to perform the manifold duties imposed upon him by statute for which no specific compensation is given, and collect the amount from the county; in other words, that he can collect as a county charge what he pays assistants for doing his own work. But we think the statute in question should not be given such a construction.     It should not be deemed to repeal the provision contained in section 3280, Code Civ. Proc.

"A statute may sometimes be regarded as being repealed by reason of its inconsistency with a subsequent statute and by implication; but repeals by implication are not favored in the law, and it is only in cases where the repugnancy is clear and manifest, and the two statutes cannot be reconciled or stand together, that this rule can be applied." Mark v. State, 97 N. Y. 572-578.

The two statutes, we think, can stand together.    In the discharge of the duties of his office, the county clerk may be frequently called upon to employ assistants to perform services that he is not expected to, and cannot, personally perform.    For instance, he may be called upon to defend or prosecute a proceeding by mandamus, or other action, as a public officer, and in such proceeding or action may necessarily employ the services of attorneys.    He may be compelled to remove his office, or to enlarge it, or increase its accommodations, and for that purpose necessarily expend money for the services of laborers or mechanics.    In the discharge of the duties of his office, it is evident that he will frequently necessarily be compelled to expend moneys for the performance of services which he is not required by statute to personally perform.    We think subdivision 9, § 230, of the county law refers to disbursements necessarily expended for such services, and not money paid for work which it is the duty of the clerk to perform himself.    Under the provisions of the statute in question, the word "services" should be deemed to refer to such as the county clerk was authorized to charge for under the law existing when said statute was enacted, and not such as it was his duty to perform without fee or reward.    The legislature, in providing in the county law that money necessarily expended by a public officer for services in executing the duties of his office, where no specific compensation therefor is made by law, should be a county charge, should be deemed to have had in view, not those services required of the officer under the law then existing, but to other necessary

services which the officer could not do, or was not expected to per-. sonally perform. The legislature did not intend to provide that money paid by a public officer to assistants to do his own work should be considered as necessarily expended.

Reaching the conclusion, therefore, that the claim of the relator was not shown in the papers presented to the board of supervisors to be a county charge, and was not in fact such, and without considering other questions raised in the case, we conclude that the order should be affirmed, with $10 costs and disbursements. All concur.