(152 App. Div. 621.)

PEOPLE ex rel. HAWLEY v. HOWARD et al., Board of Sup'rs.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

1. COUNTIES (§ 204*)—CLAIMS—ALLOWANCE—BOARD OF SUPERVISORS—JURISDICTION.

A county board of supervisors has no authority to audit a claim which is not a legal charge against the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 312, 316–321, 337; Dec. Dig. § 204.*]

2. CLERKS OF COURTS (§ 12*)—COUNTIES (§ 69*)—FEES—STATUTES.

A county clerk, who is also a clerk of the Supreme Court, is not entitled to have any charge allowed for services or disbursements, unless the right to the same is expressly given by statute.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 34; Dec. Dig. § 12;* Counties, Cent. Dig. §§ 104–115; Dec. Dig. § 69.*]

3. CLERKS OF COURTS (§§ 17, 18, 22*)—SERVICES—FEES.

Code Civ. Proc. § 3301, provides that the clerk of the Supreme Court shall not be entitled to any fee or other compensation for any other services in an action or special proceeding in the court than as provided in the section, except that, where he is also county clerk, he may charge fees as provided in section 3304. Section 3332 declares that, except as otherwise expressly described therein, the title did not apply to a service

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rendered in a criminal action or special proceeding, or before an officer. *Held*, that a clerk was not entitled to charge for filing certificate of a physician as to inability of jurors to attend court, for entering order to draw extra jurors, for filing returns of justices of the peace pursuant to appeals from judgment of justices in civil actions, for making certificates to county treasurer as to attendance and mileage of petit jurors, grand jurors, court officers, and court crier, or for filing presentment of grand jury, all of which were within section 3301.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 43, 44, 47, 48, 56; Dec. Dig. §§ 17, 18, 22.*]

4. CLERKS OF COURTS (§§ 17, 22, 24*)—FEES—CRIMINAL CASES.

A county clerk, who was also clerk of the Supreme Court, is not entitled to charge the state for services rendered in criminal proceedings, and is therefore not entitled to charge for filing coroner's inquests, making certified copies of court minutes in criminal cases, filing order and furnishing certified copy to sheriff as to delivery of prisoners, making certificates to county treasurer as to attendance and mileage of witnesses before grand jury and at trial before petit jury, or for filing presentment of grand jury.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 43, 56, 55; Dec. Dig. §§ 17, 22, 24.*]

5. CLERKS OF COURTS (§ 12*)—COUNTY CLERK—FEES.

Code Civ. Proc. § 3304, providing that a county clerk shall be entitled for services to certain specified sums stated, has no application to services rendered in criminal actions or proceedings.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 34; Dec. Dig. § 12.*]

6. COUNTIES (§ 73*)—CLERK—FEES.

Under Legislative Law (Consol. Laws 1909, c. 32) § 46, subd. 3, providing for the distribution of Session Laws by the county clerk, and declaring that the expense thereof shall be a county charge, and Laws 1909, c. 458, declaring that the Consolidated Laws shall be deemed a part of the Session Laws of that year, a county clerk is entitled to reimbursement from the county for the amount paid for distributing bound volumes of the Consolidated Laws, received from the Secretary of State, to be distributed to town clerks and county officials.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 114; Dec. Dig. § 73.*]

7. COUNTIES (§ 78*)—CLERK—FEES—LIQUOR TAX LAW.

A county clerk was expressly required by Liquor Tax Law (Consol. Laws 1909, c. 34) § 39, to enter an order under such law without fee, but was entitled to a fee of 25 cents from the county for furnishing a certified copy thereof.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 105–113; Dec. Dig. § 78.*]

8. COUNTIES (§ 78*)—CLERK—FEES—REGISTERING BONDS.

Laws 1911, c. 137, § 5, providing for the issuance of certain highway county bonds, declares that they shall be attested by the county clerk under the corporate seal of the county. General Municipal Law (Consol. Laws 1909, c. 24) § 10, requires that the county clerk keep in his office suitable books for the registration of the bonds, and that a noncoupon bond might be registered at the request of the payee and a certificate thereof indorsed on the bond by the clerk, etc. *Held*, that under Code Civ. Proc. § 3304, prescribing the fees to which a county clerk shall be entitled, such clerk was entitled to 25 cents for sealing each of the highway bonds; but the county was not liable for fees for registering the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

137 N.Y.S.—32

bonds, which were payable by the holder of the bond at whose request they were registered.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 105–113; Dec. Dig. § 78.*]

**9.** COUNTIES (§ 73*)—CLERK—FEES—COURT CALENDAR.

Where the causes to be placed on the court calendar were few, the expense of printing which, by County Law (Consol. Laws 1909, c. 11) § 240, is made a county charge, would have exceeded the sum charged by the county clerk for making typewritten calendars, the clerk was entitled to reimbursement for such expense from the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 114; Dec. Dig. § 73.*]

**10.** COUNTIES (§ 73*)—CLERK—FEES—SUPERVISORS' RESOLUTION—NOTIFYING JUSTICES.

A county clerk was entitled to reimbursement from the county for the actual expense to him of notifying justices of the adoption of resolutions of the board of supervisors.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 114; Dec. Dig. § 73.*]

**11.** COUNTIES (§ 74*)—CLERK—FEES—CHARGES AGAINST COUNTY.

Where it had been the custom of the county clerk of F. county to file a claim against the county for recording bonds of county officers, for recording appointments of deputy sheriffs, for certifying sureties on sheriff's bonds, for filing statement of county treasurer, for entering discharges of collector's bonds and renewals, for furnishing certified copies of presentment of grand jury made at request of district attorney, and for filing grand jury list presented by the clerk of the board of supervisors, charges for such services were properly allowed, though under Public Officers Law (Consol. Laws 1909, c. 47) § 68, fees for those services should have been paid by the county officials at whose request the services were rendered, the amounts to be repaid to them by the county.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–113; Dec. Dig. § 74.*]

**12.** COUNTIES (§ 74*)—CLERK—FEES—CHARGES AGAINST COUNTY.

Where a board of supervisors directed the county clerk to reindex certain volumes of deed records, and provided for the cost of the clerical labor, he was not authorized to charge for making a temporary index under the old method; he being required, without additional pay, by Real Property Law (Consol. Laws 1909, c. 50) § 316, to make indexes in the books provided by the county for that purpose, and by General Practice Rule 7 to keep in his office books, properly indexed, in which should be entered the title of all civil actions and special proceedings.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–113; Dec. Dig. § 74.*]

Certiorari by the People on the relation of Harry H. Hawley against Stephen M. Howard and others, constituting the Board of Supervisors of Franklin County, to review the board's action in disallowing portions of relator's bill against said county for disbursements by him as County Clerk. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Bryant & Lawrence, of Malone, for relator.
George J. Moore, of Malone, for respondents.

*For other cases see same top c & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LYON, J.  The issues in this proceeding are as to the legality of certain rejected charges for services and disbursements between December 1, 1910, and December 1, 1911, against the county of Franklin, contained in the bill of the relator, who was the county clerk of that county.  The items which the board of supervisors refused to audit, and of which disallowance the relator complains, are 320 in number, aggregating $811.09, and have been classified in the briefs of the respective attorneys into 30 groups, designated by letters of the alphabet, of which the charges of the relator for services as the clerk of a court are 9 in number, as follows:  (b) Filing coroner's inquests;  (h) filing certificate of physician as to inability of jurors to attend court;  (i) entering order to draw extra jurors;  (j) filing returns of justices of the peace pursuant to appeals from judgment of justices in civil actions;  (k) making certified copies of court minutes in criminal cases;  (l) filing order and furnishing certified copy to sheriff as to delivery of prisoners; (m) making certificates to county treasurer as to attendance and mileage of witnesses before grand jury and at trial before petit jury;  (n) making certificates to county treasurer as to attendance and mileage of petit jurors, grand jurors, court officers, and court crier;  and (bb) filing presentment of grand jury.  The 21 groups of charges for services as county clerk are as follows:  (a) Recording bonds of county officials;  (c) filing grand jury lists;  (d) paying distribution charges on bound volumes of Consolidated Laws, received from Secretary of State, to be distributed to town clerks and county officials;  (e) filing monthly reports of justices of the peace;  (f) making certificates as to correctness of accounts against the county;  (g) making certificate to case on appeal in action under Liquor Tax Law (Consol. Laws 1909, c. 34);  (o) recording appointments and bonds of deputy sheriffs;  (p) filing statement of county treasurer;  (q) recording town collectors' bonds, making certified copies of the same for county treasurer, and docketing the same against sureties;  (r) recording renewals of collectors' bonds, making certified copies of same for county treasurer, and docketing the same against sureties;  (s) entering discharges of collectors' bonds and renewals;  (t) filing certificates of town clerks showing that justices of the peace had filed official bonds; (u) notifying supervisors, school directors, and school commissioners of meetings under Education Law (Consol. Laws 1910, c. 16);  (v) making certified copies of report of county treasurer; (w) entering papers under Liquor Tax Law and certifying copies of same;  (x) filing transcript of judgment (whether in favor of or against the county does not appear) in actions brought under Forest, Fish and Game Law (Consol. Laws 1909, c. 19);  (y) making typewritten calendars for use of officers of court;  (z) sorting slips of Session Laws received from Secretary of State for town and village officials;  (aa) notifying justices of peace of adoption of resolution by board of supervisors;  the latter item of (bb), making certified copies of presentment of grand jury at the request of the district attorney;  (cc) indexing deeds, mortgages, and other

records; and (dd) attesting and sealing Franklin county highway bonds and registering the same.

[1, 2] Concededly the board of supervisors had no authority to audit a claim which was not a legal charge against the county, and the relator was not entitled to have any charge allowed unless the right to the same was expressly given him by statute. Article 3 of section 28 of the Constitution provided:

"The Legislature shall not, nor shall * * * any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor."

Section 67 of the Public Officers Law (Consol. Laws 1909, c. 47) provided that each public officer upon whom a duty was expressly imposed by law must execute the same without fee or reward, except where a fee or other compensation therefor was expressly allowed by law. Section 252 of the Judiciary Law (Consol. Laws 1909, c. 29) provided that each clerk of a court should perform all the duties required of him in the course and practice of the court without fee or reward, except where a fee or other compensation therefor was expressly allowed by law. These two provisions were formerly embodied in section 3280 of the Code of Civil Procedure. Governed by these constitutional and statutory declarations, we will first examine as to the validity of the relator's charges for services and disbursements as clerk of a court of record in both civil and criminal cases, and later as to the validity of his charges for services and disbursements as county clerk.

[3] Section 3301 of the Code of Civil Procedure provided that the clerk was not entitled to any fee or other compensation for any other services in an action or special proceeding in the court than as provided in such section, except that where he was also county clerk he might charge fees as provided in section 3304 of that act; and section 3332 provided that, except as otherwise expressly prescribed therein, the title did not apply to a service rendered in a criminal action or special proceeding in a court or before an officer. Plainly none of the services rendered in civil actions or proceedings by the relator as clerk of a court, and hereinbefore designated as (h), (i), (j), (n), and the first item of (bb) fell under the provisions of section 3301, and hence the relator was entitled to no fee therefor.

[4] We are referred to no statute, and can find none, giving the relator the right to fees for the services rendered by him as clerk of a court in criminal actions or proceedings, and hereinbefore designated as (b), (k), (l) and (m). As to item (b), filing coroner's inquests, the same were filed pursuant to the requirements of section 778 of the Code of Criminal Procedure. As to item (k), making certified copies of court minutes in criminal cases, section 486 of the Code of Criminal Procedure required the clerk of the court to furnish to the officer whose duty it was to execute the judgment a certified copy of the entry of the judgment upon the minutes, which by section 11 of the Prison Law (Consol. Laws 1909, c. 43) was required to be delivered to the agent and warden of

the prison by the officer delivering the convict. As to item (1), the relator, as clerk of the court, filed an order discharging the prisoners against whom no indictment had been found, as provided by section 222d of the Code of Criminal Procedure, and a certified copy thereof was made by the relator and delivered to the sheriff. As to item (m), the relator, as clerk of a court, pursuant to the provisions of sections 616 and 617 of the Code of Criminal Procedure, made out certificates to witnesses who appeared on behalf of the people upon a trial, certifying as to the number of days' attendance and number of miles traveled by the witnesses in order to attend, which certificates were presented by the witnesses to the county treasurer upon which to obtain their fees as such witnesses. As to the first item in (bb), the relator as clerk of a court filed a presentment of the grand jury relative to the management of affairs by county officials.

[5] We are referred by the relator to section 3304 as allowing fees for the services referred to in charges (b), (k), (l), (m), and the first item of (bb); but, the same having been rendered in criminal actions or proceedings, such section did not apply, as before stated, and, no fee having been allowed by law for the performance of such services, the relator was required under the provisions of section 252 of the Judiciary Law to execute the same without fee or reward. Matter of Walsh v. Supervisors, 20 App. Div. 489, 47 N. Y. Supp. 35.

[6] There remain to be considered the charges made by the relator for services and disbursements as county clerk, embraced in the remaining 21 groups. For none of these charges do we find any statutory authority for the allowance of fees in the first instance to the relator as against the county, with the exception of items (d), (y), and portions of items (w) and (dd). Item (d), "Paying distribution charges on bound volumes of Consolidated Laws received from Secretary of State to be distributed to town clerks and county officials, $5.83," was made a county charge by subdivision 3 of section 46 of the Legislative Law (Consol. Laws 1909, c. 32), which provided for the distribution of Session Laws by the county clerk, and that the expense thereof should be a county charge, and by chapter 458 of the Laws of 1909, which provided that the Consolidated Laws should be deemed a part of the Session Laws of that year.

[7] As to item (w), "Entering papers under Liquor Tax Law and making certified copies of the same," it was the duty of the relator, as clerk of the court, to enter the order without fee; but by section 39 of the Liquor Tax Law he was entitled to a fee of 25 cents for furnishing a certified copy thereof, the same to be a county charge.

[8] As to item (dd), "Certifying and signing Franklin county highway bonds, $25, and registering the same, $25," it appears that these bonds were noncoupon bonds, issued pursuant to the provisions of chapter 137 of the Laws of 1911, section 5 of which provided that they should be signed by the chairman and clerk of the

board of supervisors and attested by the county clerk under the corporate seal of said county. Said bonds were advertised and sold by the Franklin road commission. Section 10 of the General Municipal Law (Consol. Laws 1909, c. 24) provided that the relator should keep in his office suitable books for the registration of the bonds of the municipality, and that:

"A bond to which no coupons are attached may be registered at the request of the payee in the books so kept in the office of such clerk, and a certificate of such registry shall be indorsed upon the bond by such clerk, and attested by his seal if he has one. The clerk shall be entitled to a fee of twenty-five cents for each bond so registered."

We think the relator was entitled under section 3304 to a fee of 12 cents for sealing each of the 100 bonds, but that the charge for registering a bond was one not properly chargeable to the county, but was a fee to be paid by the payee of the bond at whose request it was registered.

[9] As to the item (y), "Making typewritten calendars for the use of the officers of the court, $8," it appears that the number of the causes to be placed upon the calendars were few, and that the expense of printing the calendars, which by law was a county charge (section 240, County Law [Consol. Laws 1909, c. 11]), would have exceeded the sum charged, and that the amount of the charge represents the actual expense to the relator of typewriting the calendars; hence he was entitled to have the item allowed.

[10] As to item (aa), "Notifying justices of adoption of resolutions of board of supervisors, $5," the relator would be entitled to receive the actual expenses to him, when shown, of carrying out the resolution of the board of supervisors.

[11] As to the items (a), (c), (o), (p), and (s), and the latter item of (bb), the charges for recording bonds of county officials, and appointments of deputy sheriffs, certifying sureties on sheriff's bond, filing statement of the county treasurer, entering discharges of collector's bonds and renewals pursuant to the provisions of section 115 of the Town Law (Consol. Laws 1909, c. 62), two certified copies of presentment of grand jury made at the request of the district attorney, and filing grand jury list by the clerk of the board of supervisors, aggregating $20.46, are proper legal charges, although strictly they should have been paid, pursuant to section 68 of the Public Officer's Law, by the county officials at whose request the services were rendered, the amounts to be repaid to such officials by the county of Franklin. However, as it appears that it has been the long-established custom in the county of Franklin for the county clerk to charge such items direct to the county, and that the board of supervisors have regularly audited and paid the same, and the only objection at this time is that the charges should first have been paid by the officials, to be by them presented to the county for payment, and such charges being concededly just and proper items to be paid by the county, and the relator having re-

lied upon such custom, the accounts should now be audited and paid, not as a precedent for the future, but as concededly just claims against the county presented in good faith.

[12] As to the item (cc), "Indexing deeds, mortgages, assignments of mortgages, discharges of mortgages, entries at law, court orders, bonds in civil actions, court officers, and civil actions, $244.-75," it appears that in 1882 the board of supervisors of Franklin county by resolution directed the county clerk to reindex in Lusk's indexes 53 volumes of deeds at a cost not to exceed $25 per volume for clerical labor. The index books which had theretofore been in use in said clerk's office contained blank spaces in which were written the names of the grantors, grantees, mortgagors, and mortgagees, and the number of the book and page in which each instrument was to be found. Since the passage of such resolution, the Lusk system of indexing has been in use in said clerk's office. The relator claims that by reason of this resolution it is now necessary for him to keep as a temporary system the method of indexing formerly in use, in which the instruments to be recorded are entered at the time they are presented for record in books arranged alphabetically, and from which an entry is made in the Lusk indexes as soon as the numbers of the books and pages of the record have been determined through transcribing the recorded instruments. The relator also claims that the resolution above referred to authorizes the payment to him of his charges for indexing.

With these claims of the relator we cannot agree. The resolution applied only to compensation for transferring indexes, then existing, from the old books to the Lusk system. By section 316 of the Real Property Law (Consol. Laws 1909, c. 50) it was made the duty of the relator to form indexes in the books provided for the county for that purpose, and by rule 7 of the General Rules of Practice he was required to keep in his office books, properly indexed, in which should be entered the title of all civil actions and special proceedings, with entries relating thereto; also a book in which should be entered each bond and undertaking filed in his office, and also such other books, properly indexed, as might be necessary to enter the minutes of the court, docket judgments, enter orders, and such other books as the Appellate Division of the department might direct. The books in which the relator has made a memorandum of the time that instruments were presented for record were not only for his convenience, but necessary. So far as appears, no index has been kept by him which he was not by law required to keep, and for the keeping of which no fee whatever was provided by statute, and hence under the provisions of the Public Officer's Law no fee whatever can be charged therefor.

The foregoing views lead to the conclusion that the action of the board of supervisors in refusing to audit the charges mentioned should be sustained, excepting as to the items $5.83, 25 cents, $8, $12, and $20.46 above mentioned, and that as to such items the action of the board of supervisors should be corrected. As the

question as to relator's right to many of the allowances claimed by him had not been the subject of prior judicial determination, the decision should be without costs.

The decision of the board of supervisors, except as above modified, should be affirmed. All concur.