## STEVENS, APPELLANT, *v.* RAVALLI COUNTY, RESPONDENT.

### (No. 1,380.)

(Submitted March 21, 1901.   Decided May 6, 1901.)

*Newspapers — Public Printing — Blanks — Newspaper Notice — Computation of Price — Special-Sized Blanks — Appeal—Questions Considered—Exhibits.*

1.   Under Supreme Court Rule VIII, Sec. 1, providing that any printed matter introduced in evidence in the trial court may be made a part of the record on appeal by being authenticated by a certificate of the trial judge, printed matter so introduced in evidence will not be considered on appeal unless certified to by the trial court.

2. Where certain printed exhibits, material to the determination of a cause, are not in the record on appeal, the findings of fact of the trial court will not be reviewed, since all the evidence is not before the court.

3. Under Political Code, Sec. 4233, fixing the maximum rates for public printing, and providing a certain rate for printing blanks, and an increased rate for county warrants, with stubs, printed on bond paper, and providing an additional compensation for numbering and perforating road tax receipts, special poor tax, or other blanks requiring such additional work, the price to be paid for printing, perforating and numbering road tax receipts is the price for ordinary blanks, with additional compensation for perforating and numbering, and not the special rate for county warrants.

4. Under Political Code, Sec. 4233, fixing the maximum rate for public printing, and providing a reduction of a certain percentage for all blanks of a certain kind in excess of 1,000, and providing an additional compensation for perforating and numbering blanks, the charge for perforating and numbering is not reduced because the number exceeds 1,000.

5. Where a printer contracts to furnish blanks to a county for a certain percentage of the maximum rate established by Political Code, Sec. 4233, which provides that the standard of size used shall be flat-cap sheets, 14 by 17 inches, the printer is not entitled to a special price for blanks not capable of being cut from flat-cap paper, since the extra expense of odd-sized blanks should have been considered by the printer in making the contract.

6. Under Political Code, Sec. 4233, providing that newspaper notices printed for the public shall be paid for by the folio, which shall be measured by taking the space occupied by 100 words of solid nonpareil type, a newspaper publishing such notices in larger type is only entitled to compensation for the number of folios which such notices would have required if printed in nonpareil.

*Appeal from District Court, Ravalli County; Frank H. Woody, Judge.*

ACTION by James E. Stevens against Ravalli county to recover compensation for county printing. From a judgment in favor of plaintiff for less than the relief demanded, and from an order denying a new trial, plaintiff appeals. Affirmed on condition.

*Mr. George T. Baggs,* for Appellant.

*Mr. James Donovan,* Attorney General, for Respondent.

*Mr. Cornelius B. Nolan,* Attorney General, prepared and filed for respondent the following brief:

This Court has repeatedly laid down the principle that where there is evidence to support a finding or verdict as an appellate court it will not disturb the verdict or finding.

(*Lincoln* v. *Radyers*, 1 Mont. 220; *Davis* v. *Blume*, 1 Mont. 465; *Vantilburgh* v. *Hamilton*, 2 Mont. 415; *Story* v. *Black*, 5 Mont. 41; *Kennon* v. *Gilmer*, 5 Mont. 273; *N. P. R. R. Co.* v. *Shimell*, 6 Mont. 166; *Budd* v. *Perkins*, 6 Mont. 226; *Francisco* v. *Benepe*, 6 Mont. 245; *Diamond* v. *N. P. R. R. Co.*, 6 Mont. 586; *Woods* v. *Berry*, 7 Mont. 201; *Fitschen* v. *Thomas*, 9 Mont. 59; *Hefron* v. *Mahoney*, 9 Mont. 505; *Quigley* v. *Birdseye*, 11 Mont. 450; *Merchants Bank* v. *Greenhood*, 16 Mont. 430.)

And this Court has on many occasions announced its adherence to the rule that where the evidence is conflicting the findings of a court or jury will not be disturbed. (*Kleinschmidt* v. *Dunphy*, 1 Mont. 124; *Toombs* v. *Hornbuckle*, 1 Mont. 289; *Kinna* v. *Horn*, 1 Mont. 598; *Knox* v. *Gerhauser*, 3 Mont. 276; *Mont. Ry. Co.* v. *Warren*, 6 Mont. 285; *Beck* v. *Beck*, 6 Mont. 286; *Storey* v. *Maclay*, 6 Mont. 496; *Miles* v. *Edsall*, 7 Mont. 193; *Ingells* v. *Austin*, 8 Mont. 336; *Kennon* v. *Gilmer*, 9 Mont. 110; *Kircher* v. *Conrad*, 9 Mont. 196; *Anderson* v. *Perkins*, 10 Mont. 160; *Sweeney* v. *City of Butte*, 15 Mont. 281; *Cabbage* v. *Schultz*, 16 Mont. 14; *Felton* v. *West, I. M. Co.*, 16 Mont. 85; *Reardon* v. *Patterson*, 19 Mont. 233; *McIntyre* v. *McCabe*, 19 Mont. 334; *Harrington* v. *B. & B. M. Co.*, 19 Mont. 415; *Johnson* v. *Curtis*, 21 Mont. 200; *Sandford* v. *Gates*, 21 Mont. 289.) And in this case there being a conflict of evidence, even though the judgment appeared to be against the weight of evidence, this Court would not disturb it. (*Ming* v. *Truett*, 1 Mont. 329; *Travis* v. *McCormick*, 1 Mont. 349; *Merchants' Bank* v. *Greenhood*, 16 Mont. 430.)

A reference to the "Specifications of particulars in which the evidence is insufficient to sustain the findings and decisions of the court" will demonstrate that the motion for a new trial was based upon an alleged insufficiency of the evidence to support the particular findings. This motion for a new trial was denied. No abuse of discretion is alleged or claimed on the part of appellant and as this is the only ground upon which this Court would overrule and reverse an order refusing or

granting a new trial on the ground of the insufficiency of the evidence, the action of the trial court in this particular must also be affirmed. (*Chauvin* v. *Valiton,* 7 Mont. 584; *Landsman* v. *Thompson,* 9 Mont. 189; *Kibby* v. *Baker,* 9 Mont. 399; *Mattock* v. *Goughnoer,* 13 Mont. 301; *Haggin* v. *Saile,* 14 Mont. 80; *Murray* v. *Heinze,* 17 Mont. 359; *Marsh* v. *Morgan,* 18 Mont. 19.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

On December 8, 1896, the plaintiff and appellant entered into a contract with Ravalli county, through its board of commissioners, and under the provisions of Section 4233 of the Political Code, whereby he undertook to do all printing for the period of two years from January 5, 1897, to January 5, 1899, and to furnish all record books, blanks and other similar supplies for which the county would be chargeable. His compensation was fixed at the maximum rates provided in the statute, less a discount of 65 per cent. on legal blanks, 66 2-3 per cent. on publications, and 35 per cent. on blank books. On March 11, 1898, the board being convened in regular quarterly session, the plaintiff presented to it for allowance his account for work done and supplies furnished during the previous quarter. This account, among other items, included 1,500 road-tax receipts, bound in books, charged at $29; 2,000 assessment lists, each consisting of 6 different sheets, printed on both sides, and fastened together with tin staples, in the form of a booklet, charged at $247.20; a charge for the publication of the annual statement of the financial condition of the county in plaintiff's newspaper, at $58; and a charge for the publication of the delinquent tax list for the year 1897, and a supplemental delinquent list for 1896, three insertions each, fixed at $202. The board having disallowed a substantial portion of each of these and other items, the plaintiff appealed to the district court of Ravalli county. Upon a trial in that court without a jury, the plaintiff recovered a judgment

of $72.27 2-3 more than he was allowed by the board, this amount being the result of a readjustment of the account by additional allowances upon some of the items, and a further reduction of the allowances made by the board on others. The plaintiff, beng dissatisfied with the result as to the four items above mentioned, moved for a new trial. The appeal is from the judgment and the order denying this motion.

It is urged by counsel for plaintiff that the finding of the court below upon each of the items mentioned is not sustained by the evidence, in these particulars: That the court found that the road-tax receipts furnished were eighth-sheet blanks, printed on one side, numbered, perforated and bound, whereas the evidence showed them to be of the same grade and character as county warrants, as charged, and therefore that they should be paid for at the rate provided for county warrants, subject to book discount only; that it found the assessment lists to be half-sheet blanks, printed on both sides, and bound in sets of six, whereas, under the evidence, they were conclusively shown to be booklets or pamphlets, a form of supply not provided for in the statute, and therefore should be paid for as a special job, at a reasonable price, as charged, and not at the rate applicable to half-sheet blanks; and that the number of folios of straight matter and of rule or figure or open work in the two newspaper publications is arbitrary, and not founded upon any evidence in the record. After a careful examination of the transcript, we have concluded that the findings of fact upon these various items cannot be disturbed.

It appears from frequent references thereto by witnesses, and from statements in the brief of counsel for plaintiff, that the court below had before it as exhibits a sample road-tax receipt, an assessment list, and a sheet of flat-cap paper, introduced to illustrate and explain the testimony of the witnesses, and as substantive evidence to show the size and character of the receipt and list. There were also introduced copies of the two publications in question, in the shape of clippings from plaintiff's newspaper, for the purpose of enabling the court,

using them in connection with other evidence on the subject, as to size of type, etc., to determine by measurement the number of folios for which plaintiff was entitled to demand compensation from the defendant. An apparent attempt has been made to incorporate in the transcript what purport to be these original exhibits. We cannot consider them as such for any purpose, however, for the reason that they are not "authenticated by a certificate of the judge of the trial court thereon or attached thereto," as required by Section 1 of Rule VIII of the Rules of this Court. They are not identified in any way, and one of them (the assessment list) is not even attached to the transcript, but is found lying loose among its pages. The sheet of flat cap is missing altogether. We do not doubt the statement of counsel as to the identity of those found with the record. We must nevertheless refuse to consider them, for we feel that we cannot safely disregard the rule, and determine the rights of litigants by reference to matters not properly before us. This leaves us without the means of determining whether the findings of the trial court in the particulars mentioned are supported by the evidence. The statute (Political Code, Sec. 4233), so far as is pertinent to this case, provides: "* * * For every folio of one hundred words, or fraction thereof, not exceeding one dollar and fifty cents shall be paid for the first insertion thereof, and fifty cents per folio of one hundred words, for each subsequent insertion required by law to be made, and three figures or fraction thereof shall count as one word. For ruled and figure work, not exceeding two dollars per folio of one hundred words or fraction thereof, and fifty cents per folio of one hundred words for each subsequent insertion thereof, required by law to be made. That for the purpose of establishing a basis of measurement, the amount of space occupied by one hundred words, set in solid nonpareil type, thirteen ems pica in width, shall constitute a folio in measuring rule and figure or other open work. Printed blanks required by law to be printed for the several counties shall be furnished at the following rates: For blanks cut from flat cap paper,

measuring fourteen by seventeen inches in size, and weighing not less than sixteen pounds to the ream, as follows: For eight [h] sheets printed on one side, two dollars and fifty cents for the first one hundred copies, and twenty-five cents for each subsequent one hundred copies, and twenty cents additional per one hundred copies, if bound. * * * For half sheets printed on both sides, nine dollars and seventy-five cents for the first one hundred copies, and sixty-five cents for each subsequent one hundred copies. * * * When any number of blanks enumerated in the above schedule exceeding one thousand shall be ordered, the price shall be twenty per cent. less than the prices named in the above schedule for each subsequent one hundred copies. County warrants with stubs, printed on bond paper, twenty dollars per thousand. Road tax receipts, special poor tax, or other blanks that are required to be numbered and perforated, two dollars and fifty cents per thousand extra. * * *All other blanks, books or printing not herein provided for shall be furnished and paid for at not to exceed the rates herein provided for similar blanks or printing. * * *" An inspection of the provisions in regard to road tax receipts leads to the conclusion that they are to be considered as blanks, for they are classed with "special poor tax or other blanks." They are, from their nature and use, required to be printed with stubs, and to be "numbered and perforated," as well as bound in books or tablets of suitable size for convenience, for they are used by the proper officer in the collection of this special tax upon personal demand; but they are nevertheless blanks, and are to be paid for as other ordinary blanks, with allowances for the extra work required to be put upon them. The only evidence pertinent in this connection was as to their size and how they were printed, and, as we have said, they must be taken to be, as found by the district court, eighth sheets, printed on one side only, and to be paid for accordingly.

Counsel insists that, though the finding of the court be sustained, nevertheless it was error not to allow for numbering and perforating for 2,000 instead of for 1,000, and half the

thousand rate for the additional 500. In this we think the court was wrong. A fair construction of the provision referred to allows the charge for a less number than 1,000 at the full rate. The price of this item would therefore be arrived at as follows:

| | | |
|---|---:|---:|
| 100 sheets | | $ 2 50 |
| 900 sheets at 25 cents per 100 | | 2 25 |
| 500 sheets at 25 cents per 100 | $1 25 | |
| Less discount at 20 per cent | 25 | 1 00 |
| Binding 1,000 at 20 cents per 100 | | 2 00 |
| Binding 500 at 20 cents per 100 | 1 00 | |
| Less discount at 20 per cent | 20 | 80 |
| Numbering and perforating | | 5 00 |
| | | |
| Total under statute | | 13 55 |
| Less discount under contract at 65 per cent | | 8 80 |
| | | |
| Net amount chargeable | | $ 4 75 |

This makes a difference upon this item of 30 cents in favor of plaintiff. As to the assessment lists, little need be said, as the only complaint made in connection with the allowance on them is that the court did not permit a charge for them as a special charge. The main argument of counsel is that these were of such a size and shape that they could not be cut from flat cap paper. Into this matter of fact we cannot inquire. The policy of the statute is to establish a standard for measuring every kind and class of work necessarily called for in the administration of county affairs, and to have it done under contract. The standard of size and weight of all blanks is the flat cap sheet, 16 pounds to the ream, and measuring 14 by 17 inches. The purpose is to prevent overcharges and constant resort to the courts to settle controversies. So, to save any question, a general provision is added that "all other blanks, books or printing not herein provided for shall be furnished and paid for at not to exceed the rates herein provided for similar blanks or printing." The possible losses in cutting and the extra expense of odd sizes should be foreseen and provided for in the contract. The maximum rates of compensation are certainly liberal, as is evidenced by the liberal discounts under the contract; and if the printer, in making his contract, stipulates for too low a price, he, and not the county, must suffer

the loss.  Otherwise the printing might be contracted and paid for without reference to the statute, at rates fixed by agreement between the board and the printer to meet their own peculiar views.  The court allowed for this item $64.68, which we think was the full amount to which plaintiff was entitled; the mode of compensation being the same as in case of the road tax receipts, except that the separate sheets were treated as half-sheet blanks printed on both sides.

In making the estimate of the proper allowance for the publications, the court followed the rule laid down in the statute.  The folio provided for is the space occupied by 100 words set in solid nonpareil type, 13 ems pica wide.  A part of the matter was set in nonpareil, but by far the greater part was set in bourgeois.  The court allowed for so much space only as the matter would have occupied had it all been set in nonpareil.  This was in accordance with the standard of measurement, and must be the rule of determining the amount charged for this class of work.  For the reason already stated, we cannot say whether the district court made any error in its measurements, as the original exhibits are not before us.

The cause is remanded to the district court, with directions to grant a new trial unless within 10 days after filing of the *remittitur* form this court the defendant file with the clerk its consent, in writing, that the judgment be modified in accordance with the views herein expressed, in which event, and upon the entry of the judgment as modified, the judgment and order appealed from will be affirmed.  The plaintiff will recover the costs of this appeal.

Remanded for a new trial *nisi.*