For these reasons, I think that the judgment of conviction should be reversed and that the defendant should be discharged.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment of conviction reversed, etc.

———————

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LESLIE SUTHERLAND, Respondent.

County clerk — fees — erroneous charge by county clerk for wages and salaries paid to special deputies — action to recover public moneys paid to county clerk on such charges — audit thereof by board of supervisors not necessarily concusive as a defense to such action.

1. For services rendered as clerk of the Supreme Court or County Court the clerk is limited to the fees specifically prescribed by statute.

2. For services rendered by special deputies appointed under section 89 of the Code of Civil Procedure, their prescribed compensation is the measure of the charge that can be made against the county.

3. Necessary expenditures of a special or exceptional character in executing the duties of the office of county clerk for services not required of him under the general laws may properly become a county charge under subdivision 9 of section 230 (now 240) of the County Law (Cons. Laws, ch. 11).

· 4. Where the question whether a charge made by a county clerk is a valid county charge is dependent upon a question of fact to be determined by the board of supervisors, the audit and allowance of the claim by the board, in the absence of fraud or collusion, is conclusive in the claimant's favor.

5. Where the lawfulness of a charge made by a county clerk does not depend upon any such question of fact, but the charge is unlawful on its face, it is not aided in any respect by the audit thereof; and the association of such illegal claims with claims which are lawful in an audited bill does not serve to protect the former from attack notwithstanding the audit.

*People* v. *Sutherland*, 147 App. Div. 668, reversed.

(Argued October 16, 1912; decided December 17, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 22, 1912, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas Carmody, Attorney-General* (*Irving D. Vann* of counsel), for appellant. A board of supervisors has no power to audit or allow an illegal charge against the county, whether or not there also be legal charges contained in the same claim or bill, and any attempt to audit is void and of no effect and may be attacked directly or collaterally. (*People ex rel. Merritt* v. *Lawrence*, 6 Hill, 244; *C. C. Bank* v. *Bd. of Suprs.*, 5 Den. 517; *Bd. of Suprs.* v. *Ellis*, 59 N. Y. 620; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *Rockefeller* v. *Thayer*, 69 App. Div. 176; *Wilson* v. *Bleloch*, 125 App. Div. 191; 195 N. Y. 592; *Haswell* v. *Mayor, etc., of N. Y.*, 81 N. Y. 255; *Wittmer* v. *City of New York*, 50 App. Div. 482; *Supervisors of Richmond County* v. *Wandel*, 6 Lans. 33; 59 N. Y. 645; *Supervisors of Richmond County* v. *Van Clief*, 1 Hun, 454; 60 N. Y. 645; *Supervisors of Monroe County* v. *Otis*, 62 N. Y. 88.) It is well settled that a public officer is entitled to compensation for his services only where the same is expressly provided by statute, and only at the rate there prescribed. (*Carpenter* v. *Taylor*, 164 N. Y. 171; *Matter of Palmer*, 21 App. Div. 180; 154 N. Y. 776; *Matter of Bernardi*,

133 App. Div. 510; *People* v. *Neff*, 121 App. Div. 44; *Haswell* v. *Mayor, etc., of N. Y.*, 81 N. Y. 255; *Gibson* v. *Roche*, 2 App. Div. 86; *Wittmer* v. *City of New York*, 50 App. Div. 482; *People ex rel. White* v. *Supervisors*, 46 N. Y. S. R. 457; *Matter of Tinsley*, 90 N. Y. 231; *People ex rel. Caldwell* v. *Supervisors of Saratoga*, 45 App. Div. 42.) Many of the charges in these bills were for work performed by the special deputy county clerks, paid by the county of Westchester, and could not be county charges, nor allowed by the board of supervisers. (*Matter of Marcellus*, 165 N. Y. 70; *Boots* v. *Washburn*, 79 N. Y. 207; *Smith* v. *City of Buffalo*, 90 Hun, 118; *People ex rel. Woods* v. *Cressy*, 91 N. Y. 616; *Ostrom* v. *Greene*, 161 N. Y. 353; *Jerome* v. *Q. C. Cycle Co.*, 163 N. Y. 351; *Supervisors of Richmond County* v. *Van Clief*, 1 Hun, 454; 60 N. Y. 645; *Nelson* v. *Mayor, etc.*, 131 N. Y. 4; *City of Syracuse* v. *Roscoe*, 66 Misc. Rep. 317.) The payments to the defendant as set forth in the complaint were all illegal. (*Osterhoudt* v. *Rigney*, 98 N. Y. 222; *People ex rel. Caldwell* v. *Bd. of Suprs.*, 45 App. Div. 42; *People ex rel. Long* v. *Suprs. of Westchester County*, 65 Misc. Rep. 227; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Wey* v. *O'Hara*, 48 Misc. Rep. 82.)

*James M. Hunt, John F. Brennan* and *Leverett F. Crumb* for respondent. The defendant was entitled to judgment because there was neither proof in the record nor allegation in the complaint in any wise attacking the validity and conclusiveness of the audit of the board of supervisors. (*People ex rel. McCabe* v. *Matthies*, 179 N. Y. 242; *Bank of Staten Island* v. *City of New York*, 68 App. Div. 231; 174 N. Y. 519; *Osterhoudt* v. *Rigney*, 98 N. Y. 222.) The board of supervisors had jurisdiction to audit each of the bills referred to in the complaint. (*People ex rel. Smith* v. *Clark*, 174 N. Y. 259; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *Bank of Staten Island* v. *City*

*of New York,* 68 App. Div. 231; 174 N. Y. 519; *Martin v. Bd. of Suprs.,* 29 N. Y. 645; *Matter of Medford,* 113 App. Div. 529; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242; *People ex rel.* v. *City of Kingston,* 101 N. Y. 82; *Bright* v. *Supervisors,* 18 Johns. 242; *Ghiglione* v. *Marsh,* 23 App. Div. 61; *Wadsworth* v. *Bd. of Suprs.,* 139 App. Div. 832.) Neither of the items of defendant's bill was illegal. (*People ex rel. Gardenier* v. *Supervisors,* 134 N. Y. 1; *Schenck* v. *Mayor,* 67 N. Y. 44; *Woods* v. *Supervisors,* 136 N. Y. 403; *Wadsworth* v. *Bd. of Suprs.,* 139 App. Div. 832.)

WILLARD BARTLETT, J. This action is brought by the Attorney-General, pursuant to section 1969 of the Code of Civil Procedure, to recover public moneys alleged to have been illegally paid to the defendant as county clerk of the county of Westchester in the years 1902 to 1907 inclusive. (*People* v. *Wood,* 121 N. Y. 522.) There was no allegation of fraud or collusion, and the case was treated as an action founded upon an implied contract to repay money unlawfully received, the issues being duly referred to a referee to hear and determine.

The complaint alleges that during the incumbency of the defendant in the office of county clerk he obtained and received from the county of Westchester and the board of supervisors certain sums of money for the alleged services or disbursements specified in the complaint, which are set forth in 104 separate items and which aggregate $66,465.63; that the bills containing these charges were audited and allowed by the board of supervisors, and were apparently made for the same character of services and at the same rates as had been charged by the county clerks of Westchester county prior to the incumbency of the defendant; and (in paragraph IV of the complaint) that "each and every of said payments was made illegally and without authority of law, and that said defendant has without right obtained and

received and converted the aforesaid sums of money, which prior to his receipt of the same were held and owned for and in behalf of a governmental interest by a domestic municipal corporation, to wit, the county of Westchester, and by an officer and board of a county of the state, to wit, by the treasurer and board of supervisors of the county of Westchester."

The answer, after some immaterial admissions, denies each and every allegation contained in paragraph IV of the complaint just quoted; and for a further and separate defense alleges that in the first year of defendant's official term as county clerk the committee of the board of supervisors having supervision of the affairs of his office did with the approval and sanction of the board agree with the defendant, which agreement was fully ratified by the board, that if the defendant in order to facilitate public business and serve public convenience would employ a sufficient number of skilled clerks and assistants in his office the defendant would be reimbursed the amounts paid by him for their salary and wages by the allowance, audit and payment of bills at the rates charged for in the bills subsequently rendered by the defendant to the board of supervisors; and that in reliance upon this agreement the defendant employed such clerks and assistants to whom he paid in wages and salaries sums of money aggregating between $8,000 and $12,000 in each year. The answer interposed the defense of the Statute of Limitations as to $15,272.64, part of the cause of action stated in the complaint.

Upon the trial before the referee the plaintiff relied upon the defendant's bills themselves as furnishing sufficient evidence of their unlawful character as charges against the county; and only four witnesses in all were sworn, who testified briefly as to methods of business in the defendant's office and as to the circumstances relating to particular items in the bills. The defendant introduced no evidence whatever, relying implicitly upon the

conclusiveness of the audit by the board of supervisors in the absence of any allegation of fraud or collusion against him.    The referee dismissed the complaint on the merits, finding that each of the bills of the defendant had been audited by the board of supervisors of the county of Westchester; that the work charged for by the defendant and thus audited was actually performed by him or deputies appointed by him in the regular conduct of the business of the county clerk's office; that there was no fraud or collusion in the audit, and that the board had jurisdiction thus to audit all said bills.

The judgment entered upon this decision has been affirmed by the Appellate Division in an opinion which indicates that a majority of the members of that court agreed with the referee in deeming the audit conclusive, and the case now comes to us from the judgment of affirmance.

The action of a board of supervisors in auditing a claim against the county is not open to collateral attack, in the absence of fraud or collusion, in cases where the alleged performance of the services or the quantity of service performed or both depend upon conflicting evidence, or even where the legality of the charge depends upon the determination of a question of fact, as may sometimes happen.    But the familiar doctrine of the conclusiveness of an audit by a board of supervisors does not extend so far as to embrace the audit of charges illegal upon their face or charges clearly prohibited by law.    (*Board of Supervisors, Richmond Co.*, v. *Ellis,* 59 N. Y. 620.) Nor can I find any sanction for the proposition advanced in behalf of the respondent that, where such illegal charges constitute items in a bill containing other charges which the board unquestionably had jurisdiction to audit, the audit of the whole bill places the illegal charges beyond further question.    The learned justices of the Appelllate Division seem to have considered that such was the effect of *Bank of Staten Island* v. *City of New York*

(68 App. Div. 231; affd. without opinion, 174 N. Y. 519), but I cannot adopt their view of that case in this respect. The bill there in question was that of a coroner against the county of Richmond.   In the audit the board of supervisors deducted $160 therefrom; and Mr. Justice WOODWARD, who wrote for the Appellate Division, said at the end of his opinion: " The evidence is by no means conclusive that the charges made, less this amount, were not technically within the statute which provides the fees for coroners." (p. 239.)   This was a sufficient basis for upholding the claim, without recourse to the somewhat startling doctrine that the audit of a bill containing some valid charges is equally conclusive as to charges therein which are manifestly illegal on their face.   Such a doctrine shocks the moral sense and it is an error to suppose that it finds support in the affirmance of the judgment in the case cited.

Whenever the question whether a charge by an officer constitutes a county charge or not is dependent upon the determination of questions of fact, then the audit of the bill by the board of supervisors involving, as it does, a decision of questions of fact, is conclusive and cannot be disputed collaterally; but when the bill represents a charge illegal upon its face, the audit does not affect its character.   In that event its validity may be controverted notwithstanding the audit.

This seems to be the case here so far as certain classes of charges contained in the defendant's bills are concerned.   For the services rendered by the defendant in the performance of what may be termed distinctively court duties as clerk of the Supreme Court and clerk of the County Court, his compensation is limited to the fees prescribed by statute and cannot be enlarged by the board of supervisors.   Section 3280 of the Code of Civil Procedure, now section 252 of the Judiciary Law (Cons. Laws, ch. 29), provides that each clerk of a court "must perform all the duties required of him, in the course and

practice of the court, without fee or reward, except as expressly prescribed by law." The clerk's fees for services on the civil side of the court are prescribed by section 3301 of the Code of Civil Procedure; and the fees of the clerk in criminal proceedings during the period covered by the complaint were regulated by the Revised Statutes (Pt. 4, chap. 2, title 8, sections 6 and 12). It would appear, therefore, that items 1 to 8, inclusive, of the defendant's charges, as set forth in the complaint, were unauthorized, and that the bills were unlawful upon their face because the services specified therein were services which the defendant was bound to perform as the clerk of the several courts in Westchester county, without any compensation except the fees prescribed under the statutes aforesaid.

It is argued by counsel for the respondent that each of the plaintiffs' classes of certified lists mentioned in these items (1 to 8, inclusive) was required to be furnished by the defendant as clerk of the County Court by sections 22 and 31 of chapter 269 of the Laws of 1893, being an act to amend an act in relation to jurors, and to the appointment and duties of commissioners of jurors in the county of Westchester. The fact that this statute imposed upon the clerk the duty to furnish these lists did not make the service any less a service rendered by the defendant in his capacity as a court officer. The learned counsel appears to be mistaken in his assertion that section 6 of the act cited provides that the board of supervisors shall pay the expenses incurred under the act. The expenses mentioned in that section are only the expenses of the commissioner of jurors and his assistants. The section does not refer in the remotest degree to any compensation to the county clerk.

Prior to the beginning of defendant's term of office and during his incumbency the county clerk of Westchester county was authorized under section 89 of the Code of Civil Procedure, subject to the approval of the justices of the Supreme Court residing in the judicial dis-

trict, to appoint and at pleasure remove one or more special deputy clerks to attend upon any or all of the terms and sittings of the courts of which he was clerk. When the defendant first went into office two such special deputies had already been appointed and were performing the duties prescribed by the Code; and a third special deputy was appointed during the last year of the defendant's term of service. Inasmuch as there were frequently more than two sittings or terms of court actually held at the same time in Westchester county while there were but two special deputies, and as such special deputies were necessarily absent at times, counsel for the respondent argues that "the circumstances would certainly have justified and, therefore, it may be presumed that early in his term defendant asked the board of supervisors to assent to the appointment of another special deputy, and that the board informed defendant that it would save money to the county if instead of having another special deputy appointed at an annual salary of at least $2,500, defendant should employ competent assistants to attend on the extra sessions of the court and render bills covering their services at the same rates that previous county clerks had rendered similar bills." Upon these assumptions, which have no basis, however, in the evidence, it is argued that under the circumstances each of the bills containing items 9 to 13 and 22 to 31, inclusive, were presumably presented, audited and paid, with the result that while the salary of an additional deputy would have amounted to $12,500 during the first five years of defendant's terms as county clerk the total amount paid according to these items is only $6,182.62. There is no doubt that such an arrangement as counsel thus assumes to have been made with the board of supervisors by the county clerk might have been economically advantageous to the county, but the objection to sanctioning it even if it were found to have been made as matter of fact is that there appears to be no

authority of law for entering into any such arrangement. Section 89 of the Code of Civil Procedure as then in force pointed out the method to be pursued by the county clerk if he required the services of additional persons to attend upon any of the terms of court in Westchester county; he had only to apply for the approval of the Supreme Court justices residing in the judicial district of the appointment of a sufficient number of additional special deputies, and it is difficult to perceive why the services of such deputies could not have been procured for a compensation not exceeding the amount which the defendant paid to the competent assistants whom he claims to have employed.

Items 9 to 13, inclusive, comprise charges for attending Special Terms in the Supreme and County Courts, swearing grand jurors, recording minutes, swearing witnesses and swearing panels and officers. In the brief of the attorney-general it is asserted that all the services represented by these items were performed by the salaried special deputies and not by the defendant himself. The record does not clearly disclose whether or not such is the fact. If it proves to be so upon another trial it will be a conclusive objection to the allowance of the charges. It is further to be observed in regard to these items that many of them are for the performance of duties imposed upon the defendant as clerk of the courts and hence fall under the objection already considered as to the first eight items.

We cannot go through every one of the 103 items of charges attacked by the complaint. It is sufficient for the disposition of this appeal to say that upon the present record some of these charges appear to be without any authority of law while others apparently have statutory enactments to support them. To the latter class, for example, item 36 for services under the Election Law appears to belong, inasmuch as the Election Law provides that the county clerk of each county not salaried

shall be paid by such county a reasonable compensation for his services in carrying out the provisions of that statute to be fixed by the board of supervisors. Other examples of apparently proper charges may be found in this long list of items; but it would not be helpful to either party to the litigation to particularize further in regard to their character as shown by the present record, which, it must be remembered, really presents only one side of the case, the defendant having been content to rely upon what he regarded as the weakness of the plaintiff's case rather than the strength of his own. When all the available evidence relating to each charge which is the subject of attack has been brought out, the court will be in a position to pass definitely and finally upon the validity of every disputed item, but not until then.

The fundamental legal error of the referee in treating the audit and allowance by the board of supervisors as conclusive requires a reversal of the judgment; but in ordering a new trial we desire to avoid any expression of opinion which might be thought to foreclose the defendant as to matters concerning which there may still be fairly debatable questions of law or fact. We have referred only to some general classes of items in his bills to illustrate the rules which ought to control the trial court in passing upon the validity of his claims. These rules, so far as we deem it necessary to state them upon this appeal, are as follows:

1. For services rendered as clerk of the Supreme Court or County Court the clerk is limited to the fees specifically prescribed by statute.

2. For services rendered by special deputies appointed under section 89 of the Code of Civil Procedure, their prescribed compensation is the measure of the charge that can be made against the county.

3. Necessary expenditures of a special or exceptional character in executing the duties of the office of county clerk for services not required of him under the general

laws may properly become a county charge under subdivision 9 of section 230 (now 240) of the County Law. (See *Matter of Walsh* v. *Supervisors of Albany Co.*, 20 App. Div. 489.)

4. Where the question whether a charge made by a county clerk is a valid county charge is dependent upon a question of fact to be determined by the board of supervisors, the audit and allowance of the claim by the board, in the absence of fraud or collusion, is conclusive in the claimant's favor; but

5. Where the lawfulness of a charge made by a county clerk does not depend upon any such question of fact, but the charge is unlawful on its face, it is not aided in any respect by the audit thereof; and the association of such illegal claims with claims which are lawful in an audited bill does not serve to protect the former from attack notwithstanding the audit.

The foregoing suggestions are made in the hope that they may be helpful upon the new trial which we deem it our duty to grant. It is a satisfactory feature of the present litigation that it involves no attack upon the character or good faith of the defendant, but it appears to be simply an honest controversy as to his right to moneys demanded by him openly and paid to him in behalf of the county freely and willingly as fees and charges which were supported by precedent and to which he claimed to be entitled by law. For the reasons which have been stated the judgment must be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT and WERNER, JJ., concur; VANN, J., not sitting; HISCOCK, J., absent.

Judgment reversed, etc.