In the Matter of the Application of CHARLES S. DEVOY, Respondent, for a Writ of Peremptory Mandamus, *v.* CHARLES L. CRAIG, Comptroller of the City of New York, and JAMES A. McQUADE, Intervenor, Appellants.

Third Department, January 5, 1921.

**Courts — power of justices of Supreme Court residing in Kings county to appoint clerk under Laws of 1878, chapter 21 — said statute not unconstitutional — mandamus to compel payment of salary.**

Chapter 21 of the Laws of 1878, authorizing the justices of the Supreme Court residing in Kings county to appoint a clerk to perform duties " which shall be prescribed by the justices, or any justice," is not unconstitutional as violative of the rights of the county clerk to appoint a deputy to attend a term of court, since it may be construed as authorizing the said justices to appoint a clerk to perform clerical duties for them and not the usual duties of a clerk of the court.

Accordingly a person appointed by said justices is entitled to a peremptory writ of mandamus to compel the comptroller of the city of New York to pay him his salary.

APPEAL by the defendants, Charles L. Craig and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of · the county of Kings on the 24th day of May, 1920, granting petitioner's motion for a peremptory writ of mandamus.

Appeal also by defendant, James A. McQuade, from an order of the Supreme Court, made at the Kings Special Term and entered in said clerk's office on the 4th day of June, 1920, resettling said first order.

This appeal was transferred from the Second Department of the Appellate Division.   (See 193 App. Div. 953.)

*John P. O'Brien, Corporation Counsel* [*William B. Carswell* of counsel], for the appellant Craig.

*Edward E. McCall,* for the appellant McQuade.

*Hugo Hirsh, Emanuel Newman* and *Benjamin Reass,* for the respondent.

Order unanimously affirmed, with ten dollars costs and disbursements, on the opinion of SCUDDER, J., at Special Term.

Scudder, J.:

This is an application for a peremptory writ of mandamus requiring the comptroller of the city of New York to pay Charles S. Devoy an installment of his salary to which he claims to be entitled by reason of his appointment as clerk by the justices of the Supreme Court residing in Kings county, under chapter 21 of the Laws of 1878.

By consent of all the parties one James A. McQuade was allowed to intervene in this proceeding. McQuade claims to be entitled to the salary of the clerkship by an appointment of the county clerk of Kings county acting under the constitutional provision (Art. 6, § 19) which makes the clerks of the several counties clerks of the Supreme Court.

The only reason presented by the comptroller for not paying Devoy the salary is that a conflicting claim therefor had been presented to him by McQuade.

I am of the opinion that it is the constitutional right of the county clerk in the execution of his office of clerk of the Supreme Court not only to attend personally, but also to appoint a deputy to attend, a sitting or term of the court and there perform the usual duties of a clerk of a court in drawing and impaneling jurors, keeping the minutes and the like, and that a statute which in any way impairs such right is unconstitutional. (*People ex rel. Wogan* v. *Rafferty*, 208 N. Y. 451.)

A statute cannot, however, be held to be unconstitutional on such ground unless it provides that some person other than the county clerk, or an appointee of the clerk, is to attend a term or sitting of the court, and there perform the duties of clerk of the court.

Chapter 21 of the Laws of 1878 does not provide that the person appointed under it shall attend at any sitting or term of the court. It only provides that he shall perform duties "which shall be prescribed by the justices, or any justice." That it was not the legislative intent in enacting the statute to provide for a clerk who was to attend and perform clerical duties at a session of the court seems to me to be clearly indicated by the fact that at the time of the enactment of chapter 21 of the Laws of 1878 another statute was in force which provided for the appointment of such clerks by the county clerk.

In 1878 section 89 of the Code of Civil Procedure read as follows:

" Sec. 89. Each county clerk may, from time to time, by an instrument in writing, filed in his office, appoint, and at pleasure remove, one or more special deputy-clerks to attend upon any or all of the terms or sittings of the courts of which he is clerk.

" Each person so appointed must, before he enters upon the duties of his office, subscribe, and file in the clerk's office, the constitutional oath of office; 'and he possesses, in the absence of the clerk and the deputy-clerk, the same power and authority as the clerk, at any sitting or term of the court, which he attends, with respect to the business transacted thereat."

Clerks who attend the several parts of trial terms of the Supreme Court, Kings county, are now appointed by the justices of the Supreme Court residing in Kings county, under section 168 of the Judiciary Law (as amd. by Laws of 1911, chap. 182, and Laws of 1913, chap. 826).

Devoy, however, was not appointed under section 168 of the Judiciary Law, but under chapter 21 of the Laws of 1878.

The rule is well settled that in determining the constitutionality of a statute it is to be presumed that the Legisature acted within the limits of its authority. (*McGrath* v. *Grout*, 69 App. Div. 314; affd., 171 N. Y. 7; *People ex rel. Kemmler* v. *Durston*, 119 N. Y. 569.)

It must, therefore, be presumed that the Legislature did not intend in enacting chapter 21 of the Laws of 1878 to violate the constitutional right of the county clerk to appoint deputies to attend a term of the court, and the language of the statute must, if possible, be given a meaning which is in accord with such intent.

It seems to me that, in order to uphold its constitutionality, chapter 21 of the Laws of 1878 may be construed as only authorizing the justices of the Supreme Court residing in Kings county to appoint a person to perform clerical duties for them.

As a matter of fact the appointees under said statute have performed clerical duties incident to the purely administrative powers and duties conferred by law on the board of justices, composed of the resident justices of Kings county.

The county clerk has no constitutional right to appoint a clerk to the board of justices.

McQuade has no claim whatever to the salary for the reason that although a county clerk may have the common-law right to appoint a deputy to act as clerk of the Supreme Court (*People* v. *Fuller*, 2 Park. Cr. Rep. 16), nevertheless he has no common-law right to charge the compensation of such deputy against the county. (See *People* v. *Sutherland*, 207 N. Y. 22.)

Application granted; no costs.