# CARBON COUNTY, Appellant, *v.* DRAPER, Respondent.

(No. 6,410.)

(Submitted February 20, 1929. Decided March 28, 1929.)

[276 Pac. 667.]

414

*Mr. L. A. Foot,* Attorney General, *Mr. E. P. Conwell* and *Mr. John G. Skinner,* for Appellant, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, and *Mr. Skinner* argued the cause orally.

*Mr. S. C. Merriman* and *Mr. C. C. Rowan,* for Respondent, submitted a brief and argued the cause orally.

416

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by the county attorney of Carbon county, pursuant to the provisions of section 4821, Revised Codes of 1921, to recover public moneys alleged to have been illegally paid to defendant for county printing and supplies furnished the county.

418

It appears from the allegations of the amended complaint that on the eighteenth day of December, 1920, the board of county commissioners contracted with the "Picket Journal" (owned and published by Charles H. Draper, defendant herein) to do and perform the county printing and furnish all blanks, blank books, stationery, etc., at an agreed price based upon the rates fixed by statute, less specific discounts depending upon the class of printing and supplies furnished, for a period of two years commencing December 13, 1920; that on December 4, 1922, the board entered into a similar contract for a like period commencing January 1, 1923; that on December 18, 1924, another and similar contract was entered into for two years commencing January 1, 1925. It is alleged that, acting under and pursuant to the several contracts, defendant, from time to time, performed printing, and furnished supplies to the county; that at frequent intervals he filed duly verified claims against the county, all of which were allowed by the board, warrants being drawn and paid; that each and all of the claims set forth and described in the exhibits attached to, and made a part of, the complaint were allowed and paid without authority of law, in that they were false, fraudulent, fictitious, and untrue and in excess of the contract price and the rate fixed by section 4482, Revised Codes of 1921, and that the claims were not accounts legally chargeable against the county. Plaintiff demanded judgment for the amounts alleged to have been paid in excess of the contract and statutory price, together with twenty-five per cent damages for the use thereof. The complaint contains three separate causes of action; each contract is made the basis of a separate cause. A general and special demurrer was filed to each cause of action and sustained by the court. Plaintiff refused to further amend, and judgment was accordingly entered for defendant. This appeal is from the judgment.

Counsel contend that, since it appears from the allegations of the complaint that the board had authority to examine, settle, and allow the claims, and no appeal therefrom was taken, as authorized by section 4610, Revised Codes of 1921,

the court had no jurisdiction over the claims and the subject matter of the action.

Section 4482, supra, makes it the duty of the board to contract with some newspaper published within the county, for all printing and supplies of the character involved in this action for which the county is chargeable, and enumerates the maximum rates. The board has jurisdiction and power, under subdivision 12 of section 4465, Revised Codes of 1921, "to examine, settle, and allow all accounts legally chargeable against the county except salaries of officers, and order warrants to be drawn on the county treasurer therefor, and provide for the issuing of the same." When any taxpayer is not satisfied with any allowance made by the board, he may appeal to the district court. (Sec. 4610, supra.) If the board, without authority of law, orders any money paid for any purpose, and such money has been paid, it is the duty of the county attorney to institute an action in the name of the county against such person or persons to recover the money so paid, and twenty-five per cent damages for the use thereof. (Sec. 4821, supra.)

The fact that a taxpayer did not appeal to the district court from the orders made by the board allowing the claims, as authorized by section 4610, supra, does not limit the right of the county attorney to sue, in the name of the county, to recover the moneys illegally paid. (*Greeley* v. *Cascade County*, 22 Mont. 580, 57 Pac. 274; *Albers* v. *Barnett*, 53 Mont. 71, 161 Pac. 521; *Ada County* v. *Gess*, 4 Idaho, 611, 43 Pac. 71; *Pacific County* v. *Harbor Pub. Co.*, 88 Wash. 562, 153 Pac. 360; *McDonald's Admx.* v. *County*, 125 Ky. 205, 100 S. W. 861; 15 C. J. 662.)

Counsel for respondent insist that the board having authority to examine, settle, and allow the claims in suit, its determination thereof is conclusive.

While it is alleged that all the claims set forth in the complaint are in excess of both the contract and statutory price, it appears that only a portion of the charges are in

excess of the statutory rate, and others are in excess of the contract price, but less than the statutory rate.

As to moneys paid by the county on claims filed by defendant, allowed and approved by the board, if the charges were in excess of the rates provided by section 4482, we are of opinion that plaintiff would be entitled to recover to the amount of the excess. The authority of the board in that regard is written in section 4482, and under that section it is without authority to increase the rates prescribed. The statute having fixed the minimum rate, by fair implication prohibits the payment of anything in excess of that allowance. Any payments . made at a higher rate than those fixed by law, to the extent of the excess, were upon claims not "legally chargeable against the county," and were made "without authority of law." (*State* v. *Young*, 134 Iowa, 505, 13 Ann. Cas. 345, 110 N. W. 292; *Allegheny County* v. *Grier*, 179 Pa. 639, 36 Atl. 353; *Ellis* v. *Board of State Auditors*, 107 Mich. 528, 65 N. W. 577; *County of Norfork* v. *Cook*, 211 Mass. 390, Ann. Cas. 1913B, 650, 97 N. E. 778; *Richardson* v. *State*, 66 Ohio St. 108, 63 N. E. 593; *Endion Imp. Co.* v. *Telegram Co.*, 104 Wis. 432, 80 N. W. 732; *Board of Commrs. of Huntington County* v. *Heaston*, 144 Ind. 583, 55 Am. St. Rep. 192, 41 N. E. 457, 43 N. E. 651; *People* v. *Sutherland*, 207 N. Y. 22, 100 N. E. 440.)

Our conclusion rests on the general principle that the county is not bound by the acts of the board when outside of or beyond the scope of its authority. Public moneys are but trust funds, and officers but trustees for their administration in the manner, and for the purposes, prescribed by statute. If payments have been made at a higher rate than fixed by law, as to the excess, defendant ought not, in equity and good conscience, be permitted to retain the same.

Counsel further contend, in effect, that the payments to ▮ defendant were voluntarily made, and that the moneys cannot be recovered. The authorities hold, as a general proposition of law, that money voluntarily paid cannot be recovered; yet an exception to this rule is recognized in the case of an unauthorized payment by a public officer. (*County of Nor-*

*folk* v. *Cook,* 211 Mass. 390, Ann. Cas. 1913B, 650, and note, 97 N. E. 778; 7 R. C. L. 964.)

As to those charges in excess of the contract price, but less than the maximum rate fixed by law, we think a different rule applies. In this jurisdiction a board of county commissioners is a quasi-judicial body (*State ex rel. Lockwood* v. *Tyler,* 64 Mont. 124, 208 Pac. 1081; *State ex rel. Dolin* v. *Major,* 58 Mont. 140, 192 Pac. 618), and its action in examining, settling, and allowing these claims, in the absence of fraud, is conclusive (*Santa Cruz County* v. *McPherson,* 133 Cal. 282, 65 Pac. 574; *Cope* v. *Flannery,* 70 Cal. App. 738, 234 Pac. 845; *County of Wayne* v. *Reynolds,* 126 Mich. 231, 86 Am. St. Rep. 541, 85 N. W. 574; *State* v. *Young,* supra). Having power to act (sec. 4465, supra), the board had jurisdiction to decide, and, if it decided wrongly and error was committed in so doing, it did not usurp an unconferred jurisdiction. In other words, the authority to examine, settle, and allow in no manner depends on the nature of the decision to be rendered. The power to hear and determine necessarily carries with it the power which makes the determination binding, without reference to the question of whether it be right or wrong. If this were not so, the findings and conclusions of the board on matters which it has authority to decide would be of no value. There must be a time when controversies end, and, when the authority is expressly conferred upon the board, as here, the determination, even though erroneous, ought not to be assailed.

If, however, the approval of the claims was procured by fraud, the action of the board is not final and conclusive. (*Monroe County* v. *Brown,* 118 Ark. 524, 177 S. W. 40; *New York Catholic Protectory* v. *County,* 212 N. Y. 311, 106 N. E. 80; *El Dorado County* v. *Elstner,* 18 Cal. 144; *Powell etc. Co.* v. *County* (C. C. A.), 274 Fed. 305; *Fry* v. *State,* 86 Tex. Cr. 73, 215 S. W. 560; *Gross* v. *Board of Commrs. of Whitley County,* 158 Ind. 531, 58 L. R. A. 394, 64 N. E. 25; *Board of Commrs. of Vigo County* v. *Davis,* 136 Ind. 503, 22 L. R. A. 515, 36 N. E. 141.)

Does the complaint allege fraud? It is alleged that "each and all and every of said claims so presented by said defendant * * * were, and are, false, fraudulent, fictitious and untrue; * * * that defendant knew that the charges and amounts were in excess of the contract price and in excess of the Code price * * * and that said defendant, at the time of filing said claims and at meetings of the board at the times when said claims were allowed by said board, appeared before said board and stated and told the said board that said claims and the prices charged and the amounts thereof, were in accordance with his said bid and contract; that the prices were true and correct, * * * all of which statements and said claims of said defendant were relied upon by the board * * * as true and correct, and the board supposed and verily believed the statements and representations with reference thereto were true and relied thereon, whereas in truth and in fact each and all and every of said statements * * * were false, fraudulent and untrue and so known to be by said defendant."

One of the essential elements of actionable fraud is that the ██ person to whom the representations were made had a right to rely thereon. (*Lee* v. *Stockmen's Nat. Bank,* 63 Mont. 262, 207 Pac. 623; *Helena Adjustment Co.* v. *Claflin,* 75 Mont. 317, 243 Pac. 1063; 26 C. J. 1062.) "When it appears that a party, who claims to have been deceived to his prejudice, has investigated for himself, or that the means were at hand to ascertain the truth * * * of any representations made to him, his reliance upon such representations, however false they may have been, affords no ground of complaint." (*Grindrod* v. *Anglo-American Bond Co.,* 34 Mont. 169, 85 Pac. 891; *Helena Adjustment Co.* v. *Claflin,* supra; 26 C. J. 1141.) The board had no right to rely upon statements made by defendant. Obviously, at the time the representations were made, it had the means at hand to ascertain the truth thereof; having failed to do so, plaintiff cannot now complain. (26 C. J. 1149.)

Many of the items charged by defendant, as shown by the ██ exhibits, were for a less number of blanks than the minimum number fixed by law as the basic rate. Apparently plaintiff takes the position that defendant was entitled to charge only a proportionate part of the price fixed by section 4482. In this we think plaintiff is in error. A fair construction of the provisions of this section allows the charge for a less number than the minimum at the full rate. For example: The maximum rate fixed for ½ sheet 14x8½, printed on one side, is $10.25, for the first 500; if defendant furnished, upon request of the proper county official, only 250, he would be entitled to charge the full rate of $10.25. (*Stevens* v. *Ravalli County,* 25 Mont. 306, 64 Pac. 876.)

We are of opinion that the complaint is sufficient as to moneys paid in excess of the statutory rate, and that the court erred in sustaining defendant's demurrer thereto.

For the reasons stated, the judgment is reversed, and the cause remanded, with directions to set aside the order sustaining defendant's demurrer and enter an order overruling the same.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.

---

ON MOTION FOR REHEARING.

PER CURIAM.—On petition for a rehearing counsel contend that the court failed to consider and pass upon the objections made to plaintiff's complaint by defendant's special demurrer. While the questions presented were not discussed in the opinion, they were, however, all carefully considered and found to be without merit. The petition is denied.