LOUIS A. COOK, JR. *vs.* COUNTY OF NORFOLK.

Norfolk. December 11, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Clerks of Courts. Norfolk County.*

St. 1904, c. 451, § 6, giving the clerks of courts and assistant clerks of courts "their travelling expenses necessarily incurred when holding sessions of said courts out of the cities or towns in which they severally reside," assumes that the clerks and assistant clerks will reside in the cities or towns where the clerks' offices are and if they choose to live outside such towns and cities they must travel back and forth at their own expense.

St. 1904, c. 451, § 6, providing for the travelling expenses of the clerks of courts and the assistant clerks of courts made necessary by attending sessions of the courts outside the cities or towns in which the clerks' offices are established, does not apply to a second assistant clerk in the county of Norfolk, for whose salary no provision is made by § 3 of that chapter. Such an assistant can be appointed only under R. L. c. 165, § 7, as an assistant clerk *pro tempore,* or for a term of one year, entitling him to compensation only under § 38 of that chapter by which, as one rendering extra clerical assistance, he can receive such amount as he shall be allowed by the county commissioners in a writing signed by them.

CONTRACT by the second assistant clerk of courts for Norfolk County, who was appointed by the clerk under R. L. c. 165, §§ 7, 38, to recover the expense of travelling from his home in Weymouth to Dedham, where the courts are held for that county. Writ dated March 23, 1908.

In the Superior Court the case was heard by *Lawton,* J., without a jury.

The parties agreed that no question was to be raised as to the form of the action, that the bill for travelling expenses was correct and that it should have been audited and allowed by the county commissioners, if under the law the plaintiff was entitled to have it paid.

The plaintiff had been in attendance at the court house only on those days when the court was in session, and had been on duty in the court room taking the place of the clerk in his temporary absences from the court room, or sitting with him and assisting him there. When the Supreme Judicial Court and Superior Court or two sessions of the Superior Court had been in session at the same time, he had not been assigned to duty in one of them especially, but acted in either as occasion required.

The plaintiff's compensation was fixed in advance by an oral agreement with the county commissioners, but without any vote of the commissioners, at $5 a day, and afterwards, on or about June, 1907, at $7 a day for such days as he actually was on duty. The plaintiff presented his bills for services monthly, and they always were allowed in writing by the commissioners or a majority of them, and then were paid by the treasurer. They always were expressed to be "for services." The plaintiff's travelling expenses for the whole period amounted to $92.50. For the seventeen days while the Supreme Judicial Court and the Superior Court or two sessions of the Superior Court were in session at the same time his expenses were $10.54. The clerk of courts for Norfolk County brought an action simultaneously with this one, for his travelling expenses during the same period, to substantially the same amount and under the same circumstances as hereinbefore set forth, in which he recovered judgment for the full amount sued for, which judgment had been satisfied.

On the above facts the judge ruled that the plaintiff could recover his travelling expenses only for the seventeen days dur-

ing which there were two sessions of the court, and found for the plaintiff in the sum of $10.54.

He reported the case as above for determination by this court. If the ruling and finding were correct, judgment was to be entered for $10.54; otherwise, such judgment was to be entered as the law and the facts required.

The case was submitted on briefs.

*T. E. Grover*, for the plaintiff.

*H. T. Richardson & J. H. Soliday*, for the defendant.

KNOWLTON, C. J.     The plaintiff was appointed the second assistant clerk of the courts for the county of Norfolk, under the R. L. c. 165, § 7, and he brings this action under the St. 1904, c. 451, § 6, to recover for travelling expenses while performing the duties of the office.

This last statute was enacted to establish the salaries of clerks and assistant clerks of courts in all parts of the Commonwealth, and, so far as possible, to equalize them in reference to the population of the respective counties and the difficulty and importance of the duties performed by them respectively. The method adopted is by prescribing the amount of salary for each of these officers, and by making a provision for travelling expenses necessarily incurred by reason of the place in which the courts hold their sessions. The Legislature recognized the fact that, in every county in the State, there is an office of the clerk of the courts where the records are kept, and where the clerks and assistant clerks are expected to be regularly in daily attendance, unless called away to attend upon a session of the court in another place. They also recognized the fact that in several of the larger counties there are prescribed sessions of the courts, not only at the county seat, but at other places in the county. By the R. L. c. 165, § 37, it is provided that the annual salaries of clerks shall be in full for all their services, except for such extra clerical assistance as is allowed under the provisions of the following section. It is plain, therefore, that a clerk of the court is not entitled to an allowance for travelling expenses to and from his office, in the performance of his daily duties. Ordinarily it is expected that he will have his residence in such convenient proximity to the place where he is required to be in daily attendance that he will not expend any considerable sums

for travelling to and from his office. But if, for any reason, he chooses to live at a distance from his office, the law leaves him to go back and forth at his own expense. In one case only, that of the assistant clerk of Bristol County, is there an exception to this rule. St. 1904, c. 451, § 3. The only general provision for travelling expenses is in the St. 1904, c. 451, § 6, and it covers only those necessarily incurred when attending sessions of courts out of the cities or towns in which the clerks severally reside. This means necessarily incurred in connection with attendance upon such sessions of courts. But when the session of the court is in the place where the office of the clerk of courts is established there are no such expenses necessarily incurred. The performance of the clerk's regular official duties brings him to his office daily without an allowance for travelling expenses. The holding of a session of the court there does not make it necessary for him to incur any expenses. Doubtless the Legislature, in using the words " out of the cities or towns in which they severally reside," assumed that the language was equivalent to " out of the cities or towns in which the clerks' offices are established, and at which they are to be regularly in attendance." As applied to most of the counties in the Commonwealth such an assumption would be correct. The intention of the statute is to provide for travelling expenses made necessary by attendance at the session of a court, as distinguished from those incurred in performing the duties of attendance at the clerk's office.

There is another reason why the plaintiff cannot prevail in this suit. The St. 1904, c. 451, prescribes the salaries to be paid to the officers named therein. The salaries of assistant clerks are given in § 3. No salary is provided for a second assistant clerk in the county of Norfolk, but only a salary for the first assistant clerk. The provision in regard to travelling expenses has refer-. ence only to an allowance in addition to the prescribed salary, for the persons whose salaries are established. It is not applicable to a person whose office is not among those for which there is a stated salary.

The appointment of the plaintiff under the R. L. c. 165, § 7, entitles him to compensation only under § 38 of this chapter, as one rendering extra clerical assistance, to whom such compensation shall be paid as the county commissioners allow, in a writ-

ing signed by them. He is not entitled to receive anything under the St. 1904, c. 451, but the subject of his compensation is exclusively for the county commissioners.

*Judgment for the defendant.*