COUNTY OF NORFOLK *vs.* LOUIS A. COOK.

Suffolk. November 24, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Clerks of Courts. County Commissioners. Contract,* Implied in law: common counts. *Mistake.*

Under St. 1904, c. 451, § 6, a county treasurer has no authority to pay to the clerk of the courts of the county the amount of his travelling expenses incurred in going between the clerk's office and his house in another town, and the clerk has no right to receive such payment. Following *Cook* v. *County of Norfolk,* 201 Mass. 257.

Under St. 1904, c. 451, § 6, providing for the allowance of certain travelling expenses of the clerks of courts by the respective counties in which such courts are established, "which expenses shall be audited by the county commissioners," the county commissioners have no jurisdiction to allow and approve a payment not authorized by the statute.

The rule, that money voluntarily paid by a person in his own behalf under no mistake as to the facts cannot be recovered back, does not apply to an action brought by a county to recover the amount of an unauthorized payment made in good faith by the county treasurer.

CONTRACT OR TORT, with a count for an alleged conversion, a count to recover money paid under a mutual mistake, and a count on an account annexed for money paid to the defendant as clerk of the courts of Norfolk County for travelling expenses, incurred in going between his house in the town of Weymouth and the clerk's office in the town of Dedham upon days when the court was in session, to which the defendant was not entitled.

In the Superior Court the case was submitted to *Hardy*, J., upon an agreed statement of facts. The judge made a *pro forma* finding for the defendant and reported the case for determination by this court. The facts are stated in the opinion.

*H. T. Richardson*, for the plaintiff.

*L. A. Cook, pro se.*

HAMMOND, J. St. 1904, c. 451, after establishing the salaries of the clerks of the county courts, provides (§ 6) that "The clerks of courts . . . shall each be allowed by the respective counties in which said courts are established their travelling expenses necessarily incurred when holding sessions of said courts out of the cities or towns in which they severally reside, which expenses shall be audited by the county commissioners." The plaintiff lived, in Weymouth, while Dedham was the county seat where alone the clerk's office was located and the county courts held. After the passage of the statute the defendant claimed that he was entitled to receive from the county treasury the amount of expenses incurred by him in travelling between his house in Weymouth and the clerk's office in Dedham; and in compliance with such claim there were paid to the defendant from the treasury of said county by the county treasurer, several bills for such expenses, the bills "having been allowed and approved by the county commissioners." It seems to have been supposed by all parties that the statute authorized the payment of these bills. There is no question of their good faith.

After the payments had been made, it was decided by this court in a case to which the defendant was not a party, that the statute did not authorize such payments. *Cook* v. *County of*

*Norfolk,* 201 Mass. 257. Whereupon demand was made by the plaintiff upon this defendant for the return of the sums thus paid him, and upon his neglect or refusal to comply with the demand this action was brought.

The first contention of the defendant is that the decision in *Cook* v. *County of Norfolk, ubi supra,* was wrong and that he was lawfully entitled to receive the money. But we remain satisfied with the decision. It must be held that the payment was illegal. The county treasurer had no authority to pay, and the defendant no right to receive this money.

His next contention is that the county commissioners as a court adjudicated that the money was due him, and that such adjudication is conclusive upon the county. But this is not tenable. So far as they acted within the statute they were by its plain language acting simply as auditors, and so far as they were acting outside the statute they were acting outside their jurisdiction. See for a similar case *McLean* v. *County of Montgomery,* 32 Ill. App. 131.

As the last ground of defense the defendant invokes for his protection the rule that money voluntarily paid under no mistake as to the facts cannot be recovered back. He takes the position that even if the transfer of the money from the treasury of the county to his pocket was illegal, and even if he neither then nor since has had any equitable right to it, still he will invoke this technical rule of law to keep the money if he can. Without stopping to comment upon the ethical aspects of such a defense we proceed to consider its legal aspects.

The rule is of very general application between individuals. An individual is dealing with his own money. If, to avoid trouble facing him in the shape of a lawsuit or in any other form, he with full knowledge of the facts and not under compulsion but voluntarily pays out money, he has waived his right to contest the validity of the claim. He is dealing with his own money and as a principal. He can do as he chooses with it and is answerable to no one. But public officers are dealing with money which is not their own and over which their powers are subject to well known limitations. They can pay when the law requires or permits, and they cannot pay when it forbids. So far as they act within their powers the public, whose agents they are, must abide the consequences. But when they act beyond their powers they do not

bind their principals. The payment of this money in this case was not the act of the county, but simply the unauthorized act of a public officer. It was not the voluntary payment of money by the owner, but by one who had no beneficial interest in it and who was not authorized by the principal to make the payment. Manifestly one of the chief conditions for the application of the rule is wanting. To such a condition of things the rule does not apply; and such is the great weight of authority. *Demarest* v. *New Barbadoes,* 11 Vroom, 604. *Commonwealth* v. *Field,* 84 Va. 26. *Fort Edward* v. *Fish,* 156 N. Y. 363. *Frederick* v. *Douglas County,* 96 Wis. 411. *Wisconsin Central Railroad* v. *United States,* 164 U. S. 190. *Camden* v. *Varney,* 34 Vroom, 325. *Ellis* v. *Board of State Auditors,* 107 Mich. 528. *McLean* v. *County of Montgomery,* 32 Ill. App. 131. See also the cases cited in the notes to § 796 of Page on Contracts. No other ground of defense is urged by the defendant.

> *Judgment for the plaintiff for $341.44, and interest from the date of the writ.*