The CITY OF ST. LOUIS, a Municipal Corporation, Appellant,

v.

Charles H. WHITLEY, Henry E. Luaders, Fred J. Schmidt, Jr., Ann Fuerst, Roy J. Farrar, Respondents.

No. 44736.

Supreme Court of Missouri, Division No. 2.

Nov. 14, 1955.

to recover city funds covinously dissipated and illegally paid out and received by the defendants. The trial court sustained the defendants' motions to dismiss the city's petition and upon the city's refusal to plead further entered a final judgment in favor of the defendants. Upon this appeal by the city the question for decision is whether its petition, "so construed as to do substantial justice", V.A.M.S. Section 509.250, states "a claim upon which relief can be granted". V.A.M.S. Sections 509.050, 509.060, 509.300.

The defendant Charles H. Whitley, allegedly, was the keeper of the dog pound of the City of St. Louis, a functionary employed by the City Marshal of the City of St. Louis. The defendant Henry E. Luaders was alleged to be a "bookkeeper at the dog pound." It does not appear how, or by what authority, either Luaders or the other defendants came into possession of their titles, but the other defendants, Fred J. Schmidt, Jr., Ann Fuerst and Roy J. Farrar, allegedly were "stray dog spotters." In each of the fiscal years 1950–1951, 1951–1952, 1952–1953 and 1953–1954, the city, by ordinance, appropriated to the City Marshal the sum of $14,000 for "piece work," which, it is alleged, was "intended as an appropriation for the care and maintenance of the dog pound, including the payment for services required in the discharge of the duties of the poundkeeper." Each month, throughout the years, the City Marshal drew vouchers against the appropriations in the sum of $1,200 in favor of Whitley as poundkeeper which, it is said, Whitley knew came from the city's treasury for "the sole purpose of enabling him to perform his duties as poundkeeper." In this connection it is alleged that Whitley was a trustee of the funds, charged with the duty of using them for the purposes for which they were intended and appropriated. It is charged that each month Whitley, in breach of his trust, delivered the vouchers to Luaders, who deposited them in Whitley's personal bank account. Each month Whitley withdrew from the deposits and gave to Luaders $800 to $900.

Samuel H. Liberman, City Counselor, Charles J. Dolan, Associate City Counselor, St. Louis, for appellant.

Morris A. Shenker, St. Louis, for respondents Whitley, Luaders and Fuerst.

Richard M. Stout, St. Louis, for respondent Schmidt.

J. O'Connell Hough, Mark M. Hennelly, St. Louis, for respondent Farrar.

BARRETT, Commissioner.

The City of St. Louis instituted this suit in equity for an accounting and

Luaders, in turn, each month gave Schmidt $250, Farrar $250 and Fuerst $250, allegedly as payment for their services as "stray dog spotters," Luaders retaining the balance, purportedly, as compensation for services as "bookkeeper" at the dog pound. It is alleged that the defendants received the funds knowing full well their source and intended purpose. Nevertheless the defendants Schmidt, Farrar and Fuerst "did not render any services as stray dog spotters or in any other capacity to defendant Whitley in connection with the discharge of his duties as poundkeeper," and as to the defendant Luaders, "the services rendered * * * if any, were of negligible value."

In addition to the allegations with respect to the annual appropriation and disposition of the $14,000 fund it is alleged that the defendant Whitley was charged, throughout the years, with the duty of collecting and accounting for a $2 redemption fee for each stray dog and a fee of 75¢ for each dog delivered to medical schools. It is charged in the petition that Whitley collected these fees, "the amount of which is unknown to the plaintiff," but that he failed to account for them and did not pay them over to the City Comptroller as the obligations of his office required.

In support of the trial court's ruling that the petition failed to state a claim upon which relief could be granted the respondents contend, under the allegations of the petition, that the defendants are not "trustees ex maleficio." The distinctions and differences in the various types of trusts are pointed out and it is argued that the petition does not affirmatively show the existence of a fiduciary relationship, that "no fraud is properly alleged" and, therefore, there is no showing of the inadequacy of an available legal remedy. It is argued that only a money judgment is sought, that the petition "fails to state a cause of action in equity for the tracing of trust funds," and hence, for all these reasons, that the city is not entitled to maintain this equitable

proceeding. It is urged that the defendant Whitley is not indebted to the city for fees collected because "the City Marshal or his agent (Whitley) is entitled to keep $2.00 per dog under the clear mandate of the statutes," V.A.M.S. Section 273.100.

■■ It would serve no useful purpose to examine the rationale of the general rules and demonstrate that they are inapplicable to the circumstances and the parties to this action. In these respects the respondents' claims ignore or display a lack of understanding of the implications and grim realities of the charges set forth in the city's petition. For obvious reasons of public policy this case is not governed by the general rules applicable to the conduct and transactions of private individuals and adherence to general rules and general standards will not suffice in the case of public officials entrusted with the expenditure of public funds. Lamar Township v. City of Lamar, 261 Mo. 171, 169 S.W. 12. But in addition to these claims with respect to the general principles the respondents candidly contend, and it is the essence of their claim, that "a municipal corporation cannot recover from one of its officers compensation wrongfully paid."

■ But in this connection, as it is with the general rules, the instances and cases dealing with the doctrine that voluntary payments not made under a mistake of fact may not be recovered are inapplicable to unauthorized payments by public officials. Norfolk County v. Cook, 211 Mass. 390, 97 N.E. 778, Ann.Cas.1913B, p. 651; annotation 63 A.L.R. 1346. So also the cited cases involving unenforcible municipal contracts, or of contracts entered into contrary to statutory prohibition, for goods and services have no application here. In those cases, especially those in which the city was denied recovery, there was no claim of fraud, the parties had performed services or furnished goods and, in short, there was no unjust enrichment at the expense of the public. Cases in this category are Bride v. City of Slater, Mo., 263 S.W.2d 22; Polk Tp., Sullivan County v. Spencer, Mo., 259

S.W.2d 804; Witmer v. Nichols, 320 Mo. 665, 8 S.W.2d 63; Smith v. Hendricks, Mo. App., 136 S.W.2d 449. It was pointed out in the latter case that the fact that a money judgment was prayed was not conclusively determinative that the action was maintainable at law only and not in equity.

Public officials are entitled to the compensation incident to the offices to which they are elected or appointed; and it may be that they are entitled to the emoluments of the offices even though they perform no services. 4 McQuillin, Municipal Corporations, Sec. 12.200; Bartholomew v. Town of Springdale, 91 Wash. 408, 157 P. 1090, Ann.Cas.1918B, p. 435; 62 C.J.S., Municipal Corporations, §§ 523, 526, pp. 974, 977. But this rule and the public policy upon which it is based does not affect and is not to be confused with the equally and obviously well-established principle that public funds are trust funds, Lamar Township v. City of Lemar, supra, and public officers entrusted with their expenditure are trustees of all such funds. State v. Weatherby, 344 Mo. 848, 129 S.W.2d 887, 891; State v. Young, 134 Iowa 505, 110 N.W. 292, 13 Ann.Cas. 351. A fortiori, it is indeed a plainer fundamental, when the office is a sham and no services have been performed, that the payment or acceptance of payment from such trust funds is "an unfaithful discharge of duty". Maryland Casualty Co. v. Kansas City, 8 Cir., 128 F.2d 998, 1003; 4 McQuillin, Municipal Corporations, Sec. 12.217. The city may or may not be able to substantiate its charges in detail but if the allegations are shown to be even partially true, and if, as the respondents insist, conduct must be characterized, surely it would not be uttering a platitude to bluntly say that such facts demonstrate egregious, covinous fraud. The unauthorized, illegal payment of alleged public salaries is recoverable in actions at law under the most elemental principles of unjust enrichment, State v. Young, 134 Iowa 505, 110 N.W. 292, 13 Ann.Cas. 351; 4 McQuillin, Municipal Corporations, Secs. 12.195, 12.200, and we experience no difficulty in finding and holding, in the circumstances set forth in the petition, that they are recoverable in this proceeding in equity. County of Marion v. Phillips, 45 Mo. 75; City of Boston v. Santosuosso, 298 Mass. 175, 10 N.E.2d 271. Accordingly the judgment is reversed and the cause remanded.

All concur.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.