Request of Governor and Council,
No. 5010.

OPINION OF THE JUSTICES.

Submitted November 8, 1961.

Answer returned November 30, 1961.

The following resolution adopted by the Governor and Council on October 31, 1961, was filed in this court on November 1, 1961:

"(1) WHEREAS the Supreme Court in the case of *Monitor Publishing Company, Inc. et al.* vs. *Leonard S. Hill et al.*, decided September 14, 1961 declared as unconstitutional section 1, chapter 203, Session Laws of 1961; and

"(2) WHEREAS the Governor and Council had prior to the commencement of the above-entitled action, acting in good faith, approved for payment by the State Treasurer certain warrants providing for payment of mileage to members of the Senate, as authorized by section 1, chapter 203, Session Laws of 1961, which payments were duly made by the State Treasurer prior to the commencement of the above-entitled action; and

"(3) WHEREAS the Governor and Council had prior to June 28, 1961, acting in good faith, approved for payment by the State Treasurer, certain warrants providing for payment of mileage to members of the General Court elected from the City of Concord as authorized by chapter 168, Session Laws of 1959, which payments were duly made by the State Treasurer prior to June 28, 1961; and

"(4) WHEREAS by sections 2 and 4, chapter 203, Session Laws of 1961, approved June 28, 1961, the General Court repealed Chapter 168, Session Laws of 1959, retroactive to January 4, 1961; and

"(5) WHEREAS there exists a question whether the Governor and Council by virtue of the aforesaid decision of the Supreme Court, may have participated in the making of unlawful payments out of the state treasury as herein set forth; and

"(6) WHEREAS the Governor and Council are in doubt as to the legal duties which the law and the Constitution impose upon them under the circumstances above set forth; and

"(7) WHEREAS, there is now before the Governor and Council for their approval as required in *Const., Pt. 2, Art. 56,* a warrant directing payment to certain members of the Senate mileage allowances in accordance with a manifest attached thereto, on account of their attendance at the session of the General Court just prorogued; and

"Now THEREFORE BE IT RESOLVED by the Governor and Council that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of law:

"*1.* Did the General Court by the enactment of sections 2 and

4, chapter 203, Session Laws of 1961, have the constitutional power to make section 2 of such chapter retroactive to January 4, 1961, thereby repealing chapter 168, Session Laws of 1959 retroactive to the same date, in the light of Article 23 of the Bill of Rights and the circumstances above mentioned?

"*2.* If the answer to the first question is in the affirmative, are the Governor and Council or any public officer under their general supervision, obligated by law to cause the State to proceed to attempt to collect back from members of the General Court elected from the City of Concord all payments made to them subsequent to January 4, 1961, pursuant to chapter 168, Session Laws of 1959?

"*3.* Are the Governor and Council, or any public officer under their general supervision, obligated by law to cause the State to proceed to attempt to collect back from members of the Senate all payments made to them pursuant to section 1, chapter 203, Session Laws of 1961?

"*4.* If the answers to questions 1, 2 and 3 are in the affirmative, may the amount of mileage set forth under the manifest cited in 'Whereas (7)' *supra* be retained as set off against any amounts which may be due for mileage paid to the Senators under the provisions cited in 'Whereas (1)' *supra*?

"FURTHER RESOLVED that the Secretary of State be directed to transmit forthwith to the Supreme Court six certified copies of the foregoing Resolution."

The following answer was returned.

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your resolution filed November 1, 1961, relating to the constitutionality of Laws 1961, *c.* 203 and the obligations of the Governor and Council and other public officers arising thereunder.

Your third question relates to certain mileage payments made to Senators pursuant to Laws 1961, 203:1, before that section was held unconstitutional by *Monitor Publishing Co.* v. *Hill,* 103 N. H. 397. The effect of that decision was to establish the illegality of a portion of the payments so made. It has long been the rule that the State may recover public funds paid public officials in good faith but under a mistake of law, such as in the present case.

*Wisconsin Central Railroad Co.* v. *United States,* 164 U. S. 190; *Ellis* v. *Board of State Auditors,* 107 Mich. 528; *Norfolk County* v. *Cook,* 211 Mass. 390; *Stone* v. *United States,* 286 F. 2d 56, 58-59 (8th Cir. 1961); Restatement, Restitution, *s.* 46(a); 5 Williston, Contracts (Rev. *ed.*) *s.* 1590. The amount recoverable in this instance would be that portion of the payments made to the Senators in excess of the amounts to which they were entitled under RSA 14:15 (supp) as amended by Laws 1957, 272:1. *Monitor Publishing Co.* v. *Hill,* 103 N. H. 397.

The duty to enforce obligations due to the State properly devolves upon the executive branch in the first instance. The Governor and Council may therefore determine whether it is reasonable and practical to direct the Attorney General to take such action as circumstances warrant to recover the overpayments. See RSA 7:9. With these qualifications, your third question is answered in the affirmative.

Your first two questions relate to payments made between January 4, 1961 and June 28, 1961 to members of the General Court elected from wards 2 to 9 in Concord. We find it unnecessary to reach the constitutional issue propounded by your first question, or to express an opinion thereon.

The mileage payments made to the members from Concord were made before June 28, 1961 pursuant to RSA 14:17-a (supp) enacted by Laws 1959, 168:1. Under this section the mileage allowed members of the General Court representing the city of Concord from wards 2 to 9 is to be based upon a distance of twelve miles per day, in lieu of the standard mileage table contained in RSA 14:17. In our opinion the provisions of this section of the 1959 statute are unconstitutional for reasons indicated in *Monitor Publishing Co.* v. *Hill,* 103 N. H. 397. Members of the General Court representing the city of Concord, like other members of the General Court, are entitled to mileage as provided by RSA 14:15 (supp), as amended by Laws 1957, 272:1. In the case of the members of the General Court representing Concord from wards 2 to 9, the amount recoverable by the State would be the portion of the payments made to such members in excess of the amounts to which they are entitled under RSA 14:15 (supp), as amended by Laws 1957, 272:1. The duty of the executive branch with respect to such overpayments has already been set forth in the answer to your third question.

Your fourth question is understood to ask whether mileage

payments not yet made to Senators may be set off against any amounts due the State from such Senators because of overpayments made pursuant to the unconstitutional provisions of Laws 1961, 203:1, or Laws 1959, 168:1. So understood, the question is answered in the affirmative.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

November 30, 1961.

*Maurice J. Murphy, Jr.*, Attorney General and *Arthur G. Marx*, counsel for the Senate furnished memoranda.

Memoranda were also furnished by several members of the Legislature.