STATE of Missouri ex rel. James L. SANDERS, President, et al., Relators,

v.

Alfonso J. CERVANTES et al., Respondents.

No. 56602.

Supreme Court of Missouri, En Banc.

May 8, 1972.

Rehearing Denied June 13, 1972.

cials of the City of St. Louis, and they ask that this court issue a peremptory writ commanding the performance of such duties.

Relators are members of and constitute the Board of Police Commissioners of the city with the exception of the mayor, an ex officio member thereof, who has been joined as a respondent. In addition, respondents are members of and constitute the Board of Aldermen, the municipal assembly of the city; the mayor, comptroller and president of said board, who are members of and constitute the Board of Estimate and Apportionment of the city; and, the mayor, comptroller and treasurer of the city.

There is no dispute between the parties as to any material fact. The city charter provides that the Board of Estimate and Apportionment must recommend all appropriation bills to the Board of Aldermen, and the latter body may not increase nor insert new items in the general appropriation bill submitted to it. Of immediate interest is the fact that the budget request of the Board of Police Commissioners for 1970–71 was reduced in the amount of Six Hundred Forty Thousand Dollars ($640,000) by the Board of Estimate and Apportionment, and that the Board of Aldermen appropriated funds consistent with the lesser amount. The items deleted from the budget submitted by the Board of Police Commissioners pertained to the plans of that body to pay for insurance benefits which would provide: (1) health and life insurance coverage for dependents of officers and employees of the St. Louis Police Department, and (2) life insurance coverage for retired officers and employees of said department.

Initially, we must determine if the Board of Estimate and Apportionment has the power, as it suggests, to substitute its judgment for that of the Board of Police Commissioners in deciding what funds are *necessary* for the maintenance of the police force; and, if it be determined that no such power exists, there arises the further

---

Eugene P. Walsh, Clayton, for relators.

Robert W. Van Dillen, City Counselor, St. Louis.

Aubrey B. Hamilton, Associate City Counselor, St. Louis, for respondents.

John C. Danforth, Atty. Gen., John C. Klaffenbach, C. B. Burns, Jr., Asst. Attys. Gen., Jefferson City, amicus curiae.

MORGAN, Judge.

In this original proceeding in mandamus, relators assert that respondents have failed and refused to perform certain duties required of them in their capacity as offi-

question as to whether or not a proposed expenditure found in the budget submitted by the Board of Police Commissioners may be challenged as illegal by the Board of Estimate and Apportionment.

Section 84.210(1), RSMo 1969, V.A.M.S., provides, in part, that the Board of Police Commissioners has the duty " . . . to prepare, in writing, an estimate of the sum of money which will be *necessary* for each current fiscal year, to enable them to discharge the duties hereby imposed upon them, and to meet the expenses of the police department, and they shall forthwith certify the same to the board of common council or municipal assembly, as the case may be, of said cities, *who are hereby required to set apart and appropriate the amount so certified*, payable out of the revenue of said cities, after having first deducted the amount necessary to pay [other listed expenditures]." (Emphasis added.) At this point, we mention that the priority accorded the "other listed expenditures" by Section 84.210(1) is not of concern in this case; because respondents admit that there was sufficient money available in the treasury of the city, which had not been appropriated to the specific purposes enumerated therein, to pay for those items which were deleted from the police budget.

■ In answer to the first part of the problem, as posed, it is sufficient to say that the Board of Estimate and Apportionment does not have a veto power over proposed expenditures found in the police budget, nor may it substitute the judgment of that body for that of the Board of Police Commissioners as to what funds are "necessary" to maintain the police department. This court has consistently so held for many years under the rationale that the peace and safety of the citizens of this state are matters of general state concern, and that the state can provide for a metropolitan police system and compel the municipality to provide for the expenses thereof. For instance, as said in State ex rel. Reynolds v. Jost, En Banc, 265 Mo. 51,

70–71, 175 S.W. 591, 594 (1915): "It would be a step backward for us now to say that the State of Missouri cannot provide a police system for its great cities. It is a mistaken view to urge that the cities alone are interested in this matter of a police force adequate to maintaining the public peace and safety of our citizenship. The state has a vital interest. The citizens of the state, and all parts of it, are forced to these metropolitan centers for business and other reasons. They may not linger long, but, while there, they are entitled to that protection which only an adequate and efficient police force can give. It is not for the cities to say to the state: We will give your citizens just such protection as we think is best. Nor can such cities say to the state: You may man and control the police force if you desire, but if so we will starve your system to death. We hold the purse strings. These municipal corporations are subordinate to the sovereign power of the state, and whilst they do, in a sense, hold the purse strings, they so do by the consent of the state. Without the authority of the sovereign, they would not even have a purse, much less the strings of one. The power which gave them the purse can limit the use of it. The power which placed upon that purse the strings can loosen the strings."

■ Nevertheless, the city, acting as it did here through the Board of Estimate and Apportionment, may challenge an expenditure proposed by the Board of Police Commissioners, even though the latter body has been designated by the state to exercise that sovereign power heretofore recognized. However, such a challenge can not be premised on discretionary grounds, but only on the basis (1) that the proposed expenditure is illegal, State ex rel. Beach v. Beach, En Banc, 325 Mo. 175, 28 S.W.2d 105, 106 (1930), or (2) that a particular discretionary power given by the state to the Board of Police Commissioners has been arbitrarily and unreasonably exercised. State ex rel. Priest v. Gunn, Mo., En Banc, 326 S.W.2d 314, 327. Our sys-

tem of government accepts the necessity of providing such a review of the acts of any public official or administrative agency of this state.

Did the items deleted from the proposed budget call for the illegal expenditure of public funds, or an unreasonable exercise of a discretionary power to so act? The General Assembly in Section 84.160 [Entitled: Police force—salaries, additional compensation, insurance benefits (St. Louis)] provided, among other things, in paragraph 2 thereof: "It is the duty of the municipal assembly or common council of the cities to make the necessary appropriation for the expenses of the maintenance of the police force in the manner herein and hereinafter provided." Thereafter, in paragraph 5, the statute continues: "The board of police commissioners *may*:

(1) Provide or contract for insurance benefits providing health, medical and disability coverage for officers and employees of the department and *their dependents*;

(2) Provide or contract for life insurance coverage for officers and employees of the police department and *their dependents*;

(3) Provide or contract for insurance coverage providing salary continuation coverage for officers and employees of the police department;

(4) Provide health, medical, and *life insurance coverage for retired officers and employees* of the police department." (All emphasis shown in paragraph 5 has been added by us as the parties agree that the items deleted from the budget pertained only to those portions of the statute so emphasized, and we are not called on to consider the validity of other insurance plans that, by now, may or may not have been promulgated.)

Respondents argue that the powers delegated in paragraph 5 of Section 84.160 are preceded by the provision that the Board of Police Commissioners "may" so act; and, that the city can question the exercise of such a discretionary power in contrast to its inability to do so reference "mandatory" duties dictated by the General Assembly, e. g., in paragraph 1 of the identified statute. Suffice it to say, a similar argument was found to be without merit in Hickey v. Board of Education of City of St. Louis, 363 Mo. 1039, 256 S.W.2d 775, 778. In addition, it is clear the planned expenditure was statutorily permissible.

However, after finding that the proposed expenditures were authorized by statute, we must resolve whether or not the questioned portions thereof are constitutional.

■ As to those portions of subparagraphs (1) and (2), which authorize insurance coverage for "dependents" of living officers and employees who are on active duty with the police force, we note the argument of respondents that " . . . the statute authorizes direct coverage for dependents of living employees, i. e., for non-employees of the City," and that an expenditure therefore " . . flies in the teeth of and negates the concept and principle that the trustees of public funds may not give them away to private individuals but may expend them only for public purposes within constitutional limitations." Such a specific limitation may be found in Article 6, Section 25 of the 1945 Constitution of Missouri, V.A.M.S., which provides, in part: "No . . . city . . . shall be authorized to . . . grant public money . . . to any private individual . . .." Thereafter, follow certain exceptions which the citizens of this state have found to be desirable and have thus made constitutional. Of necessity, the parties not only do not deny the right of the people to carve out those exceptions listed in Section 25 of Article 6, but admit that the questioned portions of Section 84.160 are valid only if they call for an expenditure falling within one of such exceptions. The relevant portion of the constitutional section reads: " . . . except that the general assembly may authorize any . . . city . . . to provide for the retirement or pensioning of

its officers and employees and the widows and children of deceased officers and employees . . .." Regardless of how the exception is read, one fact becomes obvious. That is—the citizens of this state have approved of expenditures for "widows and children of deceased officers and employees," but they have not excepted from the general restriction noted any authority also to expend public funds directly for wives (or husbands) and children of living and active officers and employees. We have no alternative but to declare that the inclusion of the words "their dependents" in subparagraphs (1) and (2) of paragraph 5 of Section 84.160 was not authorized by the constitution of this state, and, to that extent only, said statutory provisions are found to be unconstitutional.

In apparent anticipation of our being compelled to so hold, relators submit that expenditures providing direct insurance benefits to wives and children of a living officer or employee could be construed as coming within the connotation of the word "compensation" legally payable to said officers or employees. It is argued that such coverage is a form of compensation for the reason it shifts " . . . to public municipal funds the burden of the loss occasioned to the officer by death or sickness of his dependents . . . " and, " . . . the relief afforded by such coverage inures primarily to the officer or employee . . . ." Without evaluating the benefit an officer or employee might thereby receive, it is apparent that such an argument would also allow for removing other obligations of the (husband—parent) officer or employee, i. e., the obligation also to provide food, clothing and shelter to his or her dependents. Additionally, we do not doubt the difficulty, expressed by relators, that it must compete for personnel with private business that generally provides such "fringe benefits." Recognition of this fact, however, does not overshadow the basic truth that relators, the city, the general assembly and this court must resolve all such difficulties in compliance with the dictates of the citizens of this state as expressed in their constitution.

■ Second, we consider the validity of that portion of subparagraph (4) of paragraph 5 of Section 84.160, heretofore italicized, pertaining to life insurance coverage for retired officers and employees. Respondents in challenging the proposed expenditure under this subparagraph rely, generally, on the principles announced in the oft cited case of State ex rel. Heaven v. Ziegenhein, En Banc, 144 Mo. 283, 292, 45 S.W. 1099 1. c. 1100 (1898), wherein it was said: "We are not unmindful of the important services rendered by the officers of the police force, and of the benefits derived from their faithfulness in protecting and guarding the lives and property of the citizens. They are officers of the state, however, and the constitution has declared that, like all others holding official stations, they must rest content with the remuneration fixed by law; and after their services have been performed, no matter how valuable they may have been, the city cannot, as a gratuity or pension, 'grant public money to or in aid of any individual,' and the courts have no power to require it to be done." Our holding in that case was dictated by the provisions of the 1875 Constitution of this state, and the conclusions therein reached are no longer applicable nor should they be followed. As we said in Kansas City v. Brouse, Mo., En Banc, 468 S.W.2d 15 at 1. c. 18: "It is true that before there was any authorization in the state constitution for pensions or retirement, this court struck down the Police Pension Law of 1895 as violative of provisions in the 1875 Constitution similar to those cited above, State ex rel. Heaven v. Ziegenhein, 144 Mo. 283, 45 S.W. 1099. At that time the public policy of the state, as expressed in the constitution, prohibited any retirement benefits for municipal officers or employees. Now, however, Art. VI, Sec. 25, dealing with local government, as amended by the exception adopted January 14, 1966, is an expression of public pol-

icy clearly favoring retirement for municipal officers, and we, therefore, are of the opinion that the charter provisions and ordinances before us are not violative of Art. II [III], Sec. 39(3) or the portion mentioned above of Art. VI, Sec. 25." We find no constitutional barrier to relators' exercise of the power delegated to it by the general assembly as found in subparagraph 4 of paragraph 5 of Section 84.160 in so far as such action pertains to those officers and employees retiring after the effective date of Section 84.160. Relators have not asked that we consider the validity of providing similar benefits to those having retired prior to such effective date. In that connection, we mention Kizior v. City of St. Joseph, Mo., 329 S.W.2d 605, Atchison v. Retirement Board of Police Retire. System, Mo., 343 S.W.2d 25, State ex rel. Breshears v. Missouri State Employees' Retirement System, Mo., En Banc, 362 S.W.2d 571, and the Constitution of Missouri, 1945, Article III, Section 39, paragraph 3.

We, also, recognize two other arguments of counsel which call for giving consideration to the possibility the issues herein considered have been affected by Amendment 19(a) of Article VI of the 1945 Constitution of Missouri adopted October 5, 1971, and the passage by the general assembly of H.B. 441, § 1, Laws of Missouri, 1971, which is now Section 95.545. We do not believe either to be relevant to the issues submitted. Section 19(a), generally, allows a charter city to exercise " . . . all powers which the general assembly of the state of Missouri has authority to confer upon any city . . .." However, said section further provides only such powers may be exercised as are " . . . consistent with the Constitution of this State . . .." In addition, Section 95.545, which provides the city (St. Louis) may provide, medical, health and life insurance for certain employees, is now a part of Chapter 95 which in Section 95.540 excludes "policemen" from the provisions thereof.

Accordingly, our writ is made peremptory as to those funds required to provide insurance coverage for those retired officers and employees indicated herein.

All concur.