QUESTION: May a district school board self-insure its health insurance program for its employees and their dependents under Florida law?
SUMMARY: Under present s. 112.08, F.S., a district school board may not self-insure its health insurance program for its employees and their dependents. Section 112.08, F.S., authorizes, empowers, and permits a school board, as well as other specified government units, "to provide for life, health, accident, hospitalization or annuity insurance, or all of any kinds of such insurance for the officers and employees thereof, upon a group insurance plan, and to that end to enter into agreements with insurance companies to provide such insurance." (Emphasis supplied.) The powers of the school board are limited and defined by statute and may not be extended by construction. When the right to exercise authority is doubtful, the board should not assume that authority. Hopkins v. Special Road Bridge District No. 4, 74 So. 310 (Fla. 1917). Accord: State ex rel. Greenberg v. Florida State Bd. of Dent.,297 So.2d 628 (1 D.C.A. Fla., 1974); and AGO 075-148, ruling that a district school board is not authorized to suspend or expel a student for unexcused absences or truancy. The authority of public officers to proceed in a particular way implies a duty not to proceed in any manner other than that which is authorized by law. White v. Crandon, 156 So. 303 (Fla. 1934). Thus, s. 112.08, supra, requires the specified governmental units to provide the designated types of group insurance by "agreement with insurance companies to provide such insurance" and impliedly prohibits self-insurance of such insurance plans. It might be noted parenthetically that HB 2339, introduced during the 1975 Legislative Session, would have amended s. 112.08, F.S., to allow any county, school board, municipality, community college, or vocational-technical school to self-insure under certain circumstances. The bill was on the calendar when the House adjourned. Also, although ss. 112.08-112.14, F.S., authorize a school board to provide for group insurance for its officers and employees, as noted in AGO 072-359, this does not authorize the school board to pay premiums for such insurance out of school district funds for the benefit of dependents of those covered. And cf. State ex rel. Saunders v. Cervantes, 480 S.W.2d 888 (Mo. 1972), cited in AGO 075-147, in which the court struck down a portion of a statute authorizing the use of public funds to pay for group health and life coverage for dependents of living officers and employees. Your question is, therefore, answered in the negative.