Honorable Bradshaw Smith Prosecuting Attorney Cape Girardeau County P. O. Box 552 Cape Girardeau, Missouri 63701
Dear Mr. Smith:
This is in response to a request by your predecessor for an opinion from this office as follows:
 "By virtue of the adoption of the Judicial Reform Amendment on August 3, 1976 (Article V, Section 27 of the Missouri Constitution) will there be an office of the Clerk of the Common Pleas Court for Cape Girardeau County on January 2, 1979? If so, will such position be appointive or elective?
 "The fact giving rise to this question is that the Judicial Reform Act of 1976 (Missouri Constitution, Article V, Section 27) transfers the jurisdiction of all Courts of Common Pleas to the Circuit Court as a division of the Circuit Court. (Section 27 1.C.) Section 478.710 of the Revised Statutes of Missouri provides for a second division Circuit Judge of Bollinger and Cape Girardeau Counties. Section 480.010 provides for a Court of Common Pleas for Cape Girardeau Counties. Section 480.110 designates the Judge of the 32nd Judicial Circuit to be the Judge of the Cape Girardeau Court of Common Pleas. Section 483.420 of the Revised Statutes of Missouri provides that the Clerk of the Common Pleas Court shall possess the same qualifications as the Clerk of the Circuit Court and shall be elected every four years by the qualified voters of Cape Girardeau County. Article V, Section 27 C of the Constitution makes provision for the election of the Clerk of the Hannibal Court of Common Pleas but does not make reference to the procedure for the election of the Clerk of the Cape Girardeau Court of Common Pleas.
 "By January 1, 1977, the current Clerk of the Common Pleas Court, Jimmy Joe Below, will resign that position in order to be sworn in as the Sheriff of Cape Girardeau County, having been elected to that post on November 2, 1976. Mr. Below will be leaving the office and an unexpired term of two more years. The question presented is what happens to the office and what is the procedure for filling such office should it exist upon the effective date of the Judicial Reform Article on January 2, 1979."
Article V, Section 27, Missouri Constitution, as adopted by the special election on August 3, 1976, and which, except as otherwise provided in this article, becomes effective on January 2, 1979, provides in part as follows:
 "2. All magistrate courts, probate courts, courts of common pleas, the St. Louis court of criminal correction, and municipal corporation courts shall continue to exist until the effective date of this article at which time said courts shall cease to exist. . . ."
Under this constitutional provision, on the effective date of this article, courts of common pleas cease to exist.
Section 27, subdivision 2 c, provides in part as follows:
 "c. The jurisdiction of St. Louis court of criminal correction and all courts of common pleas shall be transferred to the circuit court for the respective circuit and such courts shall become divisions of the circuit court. The provisions of law relating to practice and procedure of the courts of common pleas shall, until otherwise changed by law, remain in effect and the provision of law relating to practice, procedure, venue, jurisdiction, selection of jurors, election of clerk and provisions for deputies and all other provisions of law relating to the Hannibal Court of Common Pleas shall until otherwise changed by law, remain in effect as to such division of the Marion county circuit court and said division shall be known as division number 2 of the Marion county circuit court instead of the Hannibal Court of Common Pleas."
Under this constitutional provision, jurisdiction of all courts of common pleas is transferred to the circuit court for the respective circuit and such courts shall become divisions of the circuit court; and the provisions of law relating to practice and procedure of the courts of common pleas shall, unless otherwise changed by law, remain in effect. The provision of law relating to practice, procedure, venue, jurisdiction, selection of jurors, election of clerk, and provisions for deputies and all other provisions of law relating to the Hannibal Court of Common Pleas shall remain in effect as to such division of the Marion County Circuit Court unless otherwise changed by law and shall be known as Division No. 2 of the Marion County Circuit Court instead of the Hannibal Court of Common Pleas.
Section 483.445, RSMo, providing for the election of a clerk of the Hannibal Court of Common Pleas is expressly retained.
Section 27, subdivision 4 b, provides as follows:
 "b. On the effective date of this article, judges of the St. Louis court of criminal correction and judges of the courts of common pleas shall become circuit judges and be entitled to the compensation of circuit judges and shall have the same power and jurisdiction as circuit judges."
Under the above-constitutional provision, judges of courts of common pleas become circuit judges and have the same power and jurisdiction as circuit judges.
Section 483.420, RSMo 1969, provides for the election of a clerk of the Cape Girardeau Court of Common Pleas for a term of four years who shall possess the same qualifications as the clerk of the Circuit Court of Cape Girardeau County.
The question you have submitted is what happens to the office of the clerk of Cape Girardeau Court of Common Pleas when this constitutional provision, which abolishes the court of common pleas, becomes effective January 2, 1979.
Section 27, subdivision 10 a 1, provides that until otherwise provided by law, circuit clerks in each circuit and county shall be selected in the same manner as provided by law on the effective date of this article except in counties having a charter form of government in which the clerk shall be elected in the manner provided for by the charter.
Section 27, subdivision 10 a 2, provides that upon the expiration of the terms of the office of the clerk of the Circuit Court for Criminal Causes of the City of St. Louis and of the St. Louis Court of Criminal Corrections, the offices of such clerks cease to exist and thereafter the clerk of the Circuit Court of the City of St. Louis shall have and perform the powers and duties and serve all divisions of the circuit court.
Section 27, subdivision 10 a 3, provides that there shall continue to be an office of circuit clerk in each county of the circuit until otherwise changed by law. There is no provision or mention made of the clerk of the Cape Girardeau Court of Common Pleas, although all other court clerks are expressly retained or abolished, so the question is whether that office is abolished on the effective date of this constitutional amendment which is January 2, 1979. When the Cape Girardeau Court of Common Pleas is abolished, the clerk of the common pleas court will have no statutory duties to perform.
We have been unable to find any court decisions that are in point on this question.
City of St. Louis v. Whitley, 283 S.W.2d 490 (Mo. 1955), was a suit to recover public funds that had been paid public employees for services they did not render and did not intend to render when they were employed. In discussing this matter, the court stated, l.c. 493:
 "Public officials are entitled to the compensation incident to the offices to which they are elected or appointed; and it may be that they are entitled to the emoluments of the offices even though they perform no services. 4 McQuillin, Municipal Corporations, Sec. 12.200; Bartholomew v. Town of Springdale, 91 Wn. 408, 157 P. 1090, Ann.Cas. 1918B, p. 435; 62 C.J.S., Municipal Corporations, §§ 523, 526, pp. 974, 977. But this rule and the public policy upon which it is based does not affect and is not to be confused with the equally and obviously well-established principle that public funds are trust funds, Lamar Township v. City of Lemar [sic], supra, and public officers entrusted with their expenditure are trustees of all such funds. State v. Weatherby, 344 Mo. 848, 129 S.W.2d 887, 891; State v. Young, 134 Iowa 505, 110 N.W. 292, 13 Ann.Cas. 351. A fortiori, it is indeed a plainer fundamental, which the office is a sham and no services have been performed, that the payment or acceptance of payment from such trust funds is `an unfaithful discharge of duty'. Maryland Casualty Co. v. Kansas City, 8 Cir., 128 F.2d 998, 1003; 4 McQuillin, Municipal Corporations, Sec. 12.217. . . ."
In State ex rel. Sanders v. Cervantes, 480 S.W.2d 888 (Mo. Banc 1972), the court held:
 ". . . that a provision for insurance benefits to dependents of police officers and life insurance for retired officers and employees violated Article VI, Section 25, supra, because those persons were not to perform any services in exchange for newly projected benefits. . . ." (State ex rel. Dreer v. Public School Retirement System of City of St. Louis, 519 S.W.2d 290, 298 (Mo. 1975))
Applying the principle of the law, as enunciated in the above cases, that, although the statute which provides for an office of clerk of the Cape Girardeau Court of Common Pleas is not expressly abolished, due to the fact that the court of common pleas will be abolished when the constitutional amendment becomes effective and due to that fact the clerk of the court of common pleas will have no statutory duties to perform, it is our view that the office of the clerk of the Cape Girardeau Court of Common Pleas will be abolished and cease to exist on January 2, 1979, when the constitutional provision becomes effective. It is our view that all the jurisdiction and authority of the Cape Girardeau Court of Common Pleas will be transferred to the circuit court of that county on the effective date of this article and all the duties of the clerk of the Cape Girardeau Court of Common Pleas are to be performed by the clerk of the circuit court of Cape Girardeau County. It is our view that when all the duties of a public official cease to exist the office is abolished.
In State ex rel. Vossbrink v. Carpenter, 388 S.W.2d 823
(Mo.Banc 1965), the court held that the county superintendent of the schools who had been granted a salary for his services of supervisor of school transportation was entitled to such salary even though there were no buses which he was authorized to inspect in his county. The holding in this case is to be distinguished from the holding made herein due to the fact that the county superintendent had duties to perform other than supervising school transportation.
CONCLUSION
It is the opinion of this office that the office of clerk of the Cape Girardeau Court of Common Pleas will be abolished as of January 2, 1979, when Article V, Section 27, Missouri Constitution, becomes effective.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN ASHCROFT Attorney General