Mr. Theodore L. Johnson, III Greene County Counselor 1002 Plaza Towers Springfield, Missouri 65804
Dear Mr. Johnson:
This opinion is in response to your question asking:
 "Section 483.495 RSMo 1976 Supplement provides for, `a chief clerk of the magistrate court who shall be elected by the qualified electors of the county at the general election of the year 1958, and every four years thereafter, and who shall serve until his successor is duly elected and qualified'. The provisions of Article 5, Section 27, of the Missouri Constitution as amended by the voters of this State on August 3, 1976, eliminate the magistrate courts from the judicial system.
 "Will the office of the clerk of the magistrate court required in the section cited above be abolished as of January 2, 1979? If so, is the County Clerk required to accept declarations of candidacy for this office, and does this office have to appear on the November 1978 ballot since no apparent duties are to be performed on January 1, 1979 that could not be performed by the present occupant of the office and since he would continue to serve under the provisions of subsection 2, 483.495 and since no provision is made in the Statutes to elect a clerk of the magistrate court to a term of less than four years?"
You also state:
 "The passage of the Constitution Amendment restructuring the Judicial Department and abolishing the magistrate court does not deal with the unique problem created by an elected magistrate clerk. Attorney General's Opinion No. 23, issued on May 18, 1977, concerning the Court of Common Pleas for Cape Girardeau County would seem to apply to the question concerning the abolition of this office as of January 2, 1979, however, this does not approach the question of filing for, or election to the office of magistrate clerk for the one day of the new term on which duties could possibly be performed. If the office is to be abolished many problems could be created by allowing a person to be elected and sworn into that office. (i.e. City of St. Louis v. Whitley, 283 S.W.2d 490
(Mo. 1955))."
Subsection 10.a.3 of Section 27 (the Schedule) of the constitutional amendments to Article V, effective January 2, 1979, provides in pertinent part as follows:
 "In any division of the circuit court presided over by an associate circuit judge, in the probate division of the circuit court, and in any division presided over by a municipal judge, the clerks and their deputies of the respective divisions shall continue to be selected in the same manner as provided for by law on the effective date of this article until otherwise changed by law."
In our Opinion No. 23, dated May 18, 1977, to Smith, this office concluded that the office of the clerk of the Cape Girardeau Court of Common Pleas will be abolished as of January 2, 1979, when the amendment to Article V becomes effective. You have a copy of that opinion and therefore we have not enclosed it.
Under Section 4.c of the Schedule, magistrates who are in office on the effective date of the article become associate circuit judges. Under Section 16 of Article V (which is not in the Schedule) each county shall have such number of associate judges as provided therein and by law. Therefore, although Section 2 of the Schedule abolishes magistrate courts, it also provides that when such courts cease to exist the jurisdiction of magistrate court shall be transferred to the circuit court of the circuit and such courts shall become divisions of the circuit court. We interpret Section 10.a.3 of the Schedule as recognizing that such magistrate judges will become associate circuit judges in divisions of the circuit court and as expressly providing that the clerks and the deputies of the respective divisions (the present magistrate clerks and deputies) shall continue to be selected in the same manner as provided for by law on the effective date of the amendments until otherwise changed by law.
At first glance it may appear that this argument would support a conclusion contrary to that reached in our Opinion No. 23-1977, cited above. However, Schedule Section 4.b provides that judges of the courts of common pleas shall become circuit judges and under Section 480.110, RSMo, the judge of the 32nd Judicial Circuit is designated judge of the Cape Girardeau Court of Common Pleas. Since Schedule Section 10.a.3 refers to "division of the circuit court presided over by an associate circuit judge" it is not applicable to the Cape Girardeau Court of Common Pleas. We conclude that the holding of our Opinion No. 23-1977 is correct.
In view of the fact that magistrates do not become associate circuit judges until January 2, 1979, and the clerks of the magistrate courts become clerks of divisions of circuit courts on January 2, 1979, the chief magistrate clerk provided for in Section 483.495 is to be elected at the November General Election, 1978. Such person will, on January 2, 1979, become chief clerk of the divisions of the circuit court presided over by associate circuit judges who were magistrate judges on January 1, 1979.
CONCLUSION
It is the opinion of this office that under the amendments to Article V of the Missouri Constitution, effective January 2, 1979, the chief clerk of the magistrate court of Greene County elected under Section 483.495, RSMo Supp. 1975, becomes the chief clerk of divisions of the circuit court presided over by the associate circuit judges who were judges of the magistrate court on January 1, 1979. Unless otherwise provided for by law, there will be elected a chief clerk of the Greene County magistrate court at the November General Election, 1978, and the county clerk of Greene County is required to accept declarations of candidacy for such office.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General