Dear Ms. Hackwood:
This opinion is in response to your question as follows:
 House Bill 1370 as passed by the legislature and signed by the Governor contains a provision which directs us to restore benefits to a surviving spouse whose benefits have terminated (Section 476.515.2). This section of the statute is effective October 1, 1984. Therefore, if any affected person applied to the Board within six months after October 1, 1984, the benefits would be initiated effective October 1, 1984. Is it legal to pay benefits retroactively?
Section 476.515 of S.C.S.H.C.S.H.B. 1370, Eighty-Second General Assembly, Second Regular Session, provides as follows:
 1. As used in sections 476.515 to 476.565, unless the context clearly indicates otherwise, the following terms mean:
 (1) "Beneficiary", a surviving spouse married to the deceased judge continuously for a period of at least two years immediately preceding his death and also on the day of the last termination of his employment as a judge, or if there is no surviving spouse eligible to receive benefits under sections 476.515 to 476.570, the term "beneficiary" shall mean any unemancipated minor child of the deceased judge, who shall share in the benefits on an equal basis with all other beneficiaries;
 (2) "Benefit", a series of equal monthly payments payable during the life of a judge retiring under the provisions of sections 476.515
to 476.570 or payable to a beneficiary as provided in sections 476.515 to 476.570; all benefits paid under sections 476.515 to 476.570 in excess of any contributions made to the system by a judge shall be considered to be a part of the compensation provided a judge for his services;
 (3) "Commissioner of administration", the commissioner of administration of the state of Missouri;
 (4) "Judge", any person who has served or is serving as a judge or commissioner of the supreme court or of the court of appeals, or as a judge of any circuit court, probate court, magistrate court, court of common pleas or court of criminal corrections of this state, justice of the peace or as commissioner of the probate division of the circuit court appointed after January 1, 1979, in a county of the first class having a charter form of government;
 (5) "Salary", the total compensation paid for personal services as a judge by the state or any of its political subdivisions.
 2. A surviving spouse whose benefits were terminated because of remarriage prior to the effective date of this act shall, upon written application to the board within six months after the effective date of section 1 of this act, have her rights as a beneficiary restored. Benefits shall resume as of the effective date of section 1 of this act.
This amendment changes prior Section 476.515 by deleting the words "an unremarried" which followed the word "[b]eneficiary" in subsection 1(1) and by adding the provision quoted above in subsection 2. This Act was approved by the Governor on April 27, 1984, and expressly provides that Section 476.515 becomes effective October 1, 1984. Section A of S.C.S.H.C.S.H.B. 1370.
The clear intent of the amendment is to provide for benefits to such a surviving spouse even after remarriage and to make such benefits available to any otherwise eligible surviving spouse who was not previously eligible because of remarriage, upon written application to the Board within six months after the effective date, October 1, 1984.
It is our view that the question presented falls squarely within the holding of State ex rel. Cleaveland v. Bond, 518 S.W.2d 649
(Mo. 1975), in which the Missouri Supreme Court held that the statutes which granted retirement benefits retroactively to a judge who ceased to hold office prior to the enactment of this statute are unconstitutional as constituting the granting of public money to a private person and the granting of an extra allowance to a public officer after services have been rendered. See Article III, Sections 38(a) and 39(3), Missouri Constitution. The opinion of the court in Cleaveland noted that most courts hold that statutes which purport to grant pensions to persons already retired from public employment at the time of the enactment are unconstitutional as amounting to gratuities for private purposes or as within a prohibition against the giving of extra compensation to a public officer or employee after service has been rendered, or the like. The justification and basis for the enactment of the statutes providing retirement benefits to public officers and employees is the public benefit to be derived from (1) encouraging competent and faithful public officers and employees to remain in the service over prolonged periods and not seek employment elsewhere, and (2) encourage retirement from public service of those who, by devoting their best energies for a long period of years to the performance of duties in a public office or employment, have by reason thereof, or of advanced age, become incapacitated from performing the duties as well as they might be performed by others more youthful or in greater physical or mental vigor.
The court in Cleaveland, Id. at 653-654, stated:
 In Judge Cleaveland's case there could be no public benefit by allowing his claim, nor could his service record have been affected by the act. He had already entered the service, served a prolonged time (32 years), and retired several months prior to the passage of the act. Obviously he was not encouraged to enter, remain in or leave the service because of the inducement of benefits under the act. The only possible justification for including him would be on some theory of reward for past services rendered, which would constitute the grant of extra compensation to a private individual after the service had been rendered, or in other words a gratuity. To rule that the General Assembly has the power retroactively to reward an ex-judge by extending retirement benefits under the circumstances of this case would open the door to the squandering of public money referred to in Kizior v. City of St. Joseph, 329 S.W.2d 605, 610[4] (Mo. 1959).
The remarried surviving spouses referred to in subsection 2 of Section 476.515 were not eligible to receive benefits under prior law and, as to them, the granting of such benefits is, in our view, clearly within the constitutional prohibitions. We conclude that subsection 2 is in conflict with the Missouri Constitution and cannot be given effect. It is further our view, in light of Cleaveland, that none of the provisions of Section 476.515 can be constitutionally applied to the remarried surviving spouse of a judge who ceased to hold office prior to the amendment of that section even though the remarriage occurs after October 1, 1984. See also, State ex rel. Sandersv. Cervantes, 480 S.W.2d 888 (Mo.Banc 1972).
Likewise, in State ex rel. Breshears v. Missouri State Employees'Retirement System, 362 S.W.2d 571, 576-577 (Mo.Banc 1962), the court indicated that retrospective awards of retirement benefits violated the prohibition against retrospective laws in Article I, Section 13, Missouri Constitution. See Opinion No. 82-84.
CONCLUSION
It is the opinion of this office that Section 476.515.2 of S.C.S.H.C.S.H.B. 1370, Eighty-Second General Assembly, Second Regular Session, which provides for benefits for surviving spouses of judges who have remarried and who were not eligible for such benefits prior to the amendment of Section 476.515, is unconstitutional and cannot be given effect. Furthermore, Section 476.515 may not be applied to a surviving spouse of a judge who remarried after October 1, 1984, if the deceased judge ceased to hold office prior to that date.
Very truly yours,
 JOHN ASHCROFT Attorney General